UNITED STATES *v.* BORGFELDT (No. 265).[1]

1. SPECIFIC DESIGNATION.

That a specific designation in one paragraph ordinarily controls as against a general description in another paragraph, is true; but where such a phrase as "parts of toys" appears for the first time in a paragraph of a·tariff act, effect will be given to what seems to have been a plain intention of the Congress to embody in the new paragraph, for dutiable purposes, all toys and parts of toys, except certain described kinds there enumerated.

2. TOY GLASS MAGIC-LANTERN SLIDES.

Glass slides for use with toy magic lanterns are not dutiable under paragraph 107, tariff act of 1909, as glass slides for magic lanterns, but are dutiable under paragraph 431 of that act, as parts of toys.

United States Court of Customs Appeals, March 27, 1911.

APPEAL from decision of the Board of United States General Appraisers, G. A. 7020 (T. D. 30613).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.

No appearance for the appellees.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

On the 11th day of August, 1909, George Borgfeldt & Co. imported by the vessel *Maryland* at Baltimore a quantity of glass slides for magic lanterns. The collector classified them for duty as magic-lantern slides under paragraph 107 of the tariff act of 1909, which reads as follows:

107. Strips of glass, not more than three inches wide, ground or polished on one or both sides to a cylindrical or prismatic form, including those used in the construction of gauges, and glass slides for magic lanter. s, forty-five per centum ad valorem.

The importers duly protested this classification and the consequent assessment of duty thereon, claiming that these slides were dutiable as " parts of toys" under paragraph 431 of the same act, which is as follows:

431. Dolls, and parts of dolls, doll heads, toy marbles of whatever materials composed, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthern or stone ware, and not specially provided for in this section, thirty-five per centum ad valorem.

Evidence was taken before the board on behalf of the importers and the Government. The Board of General Appraisers found these slides were for use in toy magic lanterns and sustained the protest. From this decision the Government has appealed.

The importers have filed no brief and made no oral argument in this court, and the Government's presentation of the case is confined to its printed brief. Therein it is said: "That it is not disputed here that

---

[1] Reported in T. D. 31455 (20 Treas. Dec., 600).

the slides in question were intended to be used in toy magic lanterns" and that the question in issue is which of the provisions of the two quoted paragraphs are controlling, that is, whether it shall be held that "glass slides for magic lanterns" is a more specific designation of the merchandise in question than "parts of toys, * * * not specially provided for in this section."

These articles are glass slides for one kind of a magic lantern, namely, a toy magic lantern, and they are also either a part of a toy or a toy.

The record before us shows that each of these glass slides usually contains several pictures, generally produced by the use of decalcomania prints and that they are relatively much cheaper than the glass slides which are designed for use in the magic lanterns which are not children's toys; and it appears that on each of such last named glass slides there is ordinarily but one picture which is produced by photographic process.

We assume for the purposes of this case that the importations are parts of toys.

Paragraph 107 is a reenactment of paragraph 110 of the act of 1897, which in turn is identical with paragraph 101 of the act of 1894, so far as relates to glass slides for magic lanterns.

Paragraph 431 is identical with the corresponding paragraphs of the tariff acts, so far as applicable to these importations, as far back as 1890, except that the words "parts of toys" first appear in paragraph 431 of the act of 1909.   (1897, par. 418; 1894, par. 321; 1890, par. 436.)

In the case now before us the Board of General Appraisers in effect held that the words "parts of toys" so inserted in paragraph 431 were apparently employed purposely to remove such articles from classification under other paragraphs, the provisions of which had been held applicable to the articles by the board and court, so that an article confessedly a part of a toy for children and fitted for no other purpose should be subject to the same duty as the completed toy.

The Government's argument against this conclusion is that inasmuch as the articles are specifically and without limitation named in paragraph 107 this designation must control notwithstanding the articles are comprehended within the general terms of "parts of toys" in paragraph 431, and refers to decisions of the Supreme Court where the rule is undoubtedly settled that the specific designation rather than the general description must control.   This doctrine we recognize.

It must also be held that Congress by inserting the words "parts of toys" intended to enlarge the scope and application of paragraph 431, and force must be given to these words in proper cases.   The evident theory of tariff legislation for a long time has been to make special provision for children's toys, and the enlarging of the scope of the toy paragraph to apply to "parts of toys" warrants the conclusion that these words should include articles like those in question unless a con-

trary conclusion is irresistible. The importations are *parts* of *toys* that are subject to the provisions of paragraph 431. Are they such glass slides for magic lanterns as must be deemed to be referred to in paragraph 107?

The only applicable decision to which we have been referred is one of the Board of General Appraisers (T. D. 22918, decided Mar. 20, 1901) in which paragraphs 110 and 418 of the act of 1897 were considered. The articles there in question were like those at bar, and the board held that it not having been shown they were commercially known as toys, and the words " not specially provided for" being found in paragraph 418 and not in paragraph 110, it must be held that the *eo nomine* designation in the latter paragraph should control and was applicable to the importations.

No consideration in that opinion seems to have been given to the meaning of the words "magic lanterns" and no question appears to have been made whether the term "magic lantern" did or did not apply to toy magic lanterns.

In the Circuit Court for the Southern District of New York, Wheeler, judge, apparently decided January 16, 1900 (but which we do not find to have been published in the Federal Reporter until 1903, see Borgfeldt *v.* United States, 124 Fed. Rep., 457), small slightly made magic lanterns had been assessed by the collector and by the board held dutiable as optical instruments under paragraph 98 of the act of 1894, which relates to spectacles and other optical instruments. The board had found that these magic lanterns were both optical instruments and toys, and held, as paragraph 321 of the act of 1894 relating to toys contained the words "not specially provided for" and paragraph 98 did not contain such words, that the articles were dutiable under paragraph 98.

Upon hearing the appeal Judge Wheeler held that these magic lanterns were not substantial enough to be held to be optical instruments for mature persons, but were toys for children, and should be assessed as such under paragraph 321. This decision of Judge Wheeler does not appear to have been considered by the board in its opinion in T. D. 22918.

Now, in the case before us, the board say that by a parity of reasoning with the case in the circuit court last referred to they reach the conclusion that the provision relating to slides for magic lanterns does not include slides for articles which, within the meaning of the tariff act, are not magic lanterns but toys.

We think there is much force in this reasoning.

Paragraph 107, as well as those associated with the same and which relate to various optical and scientific instruments and parts thereof, would seem to refer to things other than such as are unquestionably toys, and we agree with the board that the term glass slides for magic

lanterns as used in paragraph 107 of the act of 1909 is not intended to refer to glass slides for toy magic lanterns designed for the amusement of children like the articles in this case. We are confirmed in this conclusion by other facts appearing of record in this case and referred to in the decision of the board.

It there appears that there is a class of magic lanterns dealt in and used in the United States which are not known as toys and are not toys and which are sometimes denominated stereopticons. These are used for exhibition purposes and entertainments for adults at theaters and other places of public instruction and amusement. Glass slides used in these magic lanterns are articles of commerce. These slides, as herein before stated, differ from the slides for toy magic lanterns in that there is but one picture upon a slide and this is produced by a photographic process, the result being that the completed slide is relatively much more expensive than slides for toy magic lanterns.

It is well known that these magic lanterns are much more stable in construction than the toy magic lanterns in which the importations in this case are designed to be used, and it follows that the slides themselves could not be held to be either a part of a toy or a toy, but would be dutiable under paragraph 107, as glass slides for magic lanterns.

Such a construction of the two paragraphs, we think, gives full force and effect to the manifest legislative intent and avoids the apparent inconsistency of holding that what is confessedly in fact a part of a toy is not such for tariff purposes.

We think for the reasons above stated that the conclusion of the board should be upheld.

There is another view of the case which perhaps is worthy of mention. In 1894 in the case of *In re* Borgfeldt (65 Fed. Rep., 791), the Circuit Court for the Southern District of New York, Coxe, judge, held in construing the toy paragraph of the act of 1890 that glass slides, which appear from the opinion to be like the ones involved in this case and which contained pictures of animals, birds, etc., for toy magic lanterns imported separately from the lanterns, were toys. In the course of his discussion the learned judge said in substance that the fact that these slides had to be put through a magic lantern did not deprive the slides themselves of the character of toys; that the lantern had to be lighted and the room darkened before the shadow could be thrown upon the wall to make the amusement effectual for children, but that none the less the slides were toys in themselves just the same as drumsticks which are used to make a noise upon the mimic drum are toys, and that it would hardly do to say that the drum was not a toy because there were no sticks with it, or the sticks because there was no drum with them. In this case it was claimed by the Government that the glass slides were dutiable as manufactures of glass. This

decision of Judge Coxe seems to have been acquiesced in by the Treasury Department upon the advice of the Attorney-General.    (See T. D. 14969 and T. D. 15081.)

In view of this decision and the acquiescence therein by the Treasury Department, as above stated, and of the opinion of Judge Wheeler in the last Borgfeldt case, it might be urged that these articles are in themselves toys.    We do not, however, decide this question.

The judgment of the Board of General Appraisers is *affirmed.*

MONTGOMERY, Presiding Judge, and HUNT, SMITH, and DE VRIES, Judges, concur.