DAVIES, TURNER & Co. *v.* UNITED STATES (No. 768).[1]

MINIATURE PAPER TOYS.

   Cheap, nondurable paper articles, made for the amusement of children, to resemble other and really useful articles, are toys, though they might nominally fall within the provisions of some paragraph other than the toy paragraph of the statute.— United States *v.* Borgfeldt (1 Ct. Cust. Appls., 370; T. D. 31455).

United States Court of Customs Appeals, March 26, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26465 (T. D. 31845).

   [Affirmed.]

   *Brown & Gerry* for appellants.
   *William L. Wemple,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

   Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise consists of a series of miniature paper articles of various kinds, such as paper spectacles, trick cards and pictures, paper dominoes, etc. They are small, flimsy, imperfect, and nonen-

[1] Reported in T. D. 32363 (22 Treas. Dec., 533).

durable. Excepting the spectacles, they have printed thereupon designations of their imitated use. They were reported by the appraiser as "miniature paper toys of various kinds." They were returned by the collector as reported by the appraiser, and assessed for duty at the rate of 35 per cent ad valorem under paragraph 431 of the tariff act of 1909 as "toys." The importer, appellant here, makes contention that they are properly dutiable either at 30 per cent ad valorem, under paragraph 415 as "paper not specially provided for," or at 25 per cent ad valorem as "printed matter," under paragraph 416 of the same act.

At the hearing the only witness produced upon behalf of the importer testified in response to questions by the General Appraiser presiding, as follows:

Q. What is the purpose of giving them away?—A. The child buys something and gets them as nothing for an inducement.

Q. They are playthings for children?—A. Yes, partly.

Q. You never give them to grown folks?—A. No.

It therefore may be taken as conceded by this record and all parties thereto that this merchandise is clearly within the designation toys in paragraph 431.

The sole question presented for determination, therefore, and here contended by the appellants is whether or not these words of either paragraph 415 or 416 are more specific than the word "toys" in paragraph 431; and whether or not articles concededly within the category of toys and at the same time "printed matter," or "paper not specially provided for," shall be assessed for dutiable purposes as toys. More concisely stated, is an article of a flimsy, cheap, nonendurable character admittedly designed for the amusement of children, and concededly as such a toy, dutiable as a toy where it is otherwise *eo nomine* designated in the tariff act? This court in United States *v.* Borgfeldt (1 Ct. Cust. Appls., 370; T. D. 31455) answered that query in the affirmative. It is unnecessary to here consider the authorities therein reviewed, or to again discuss the principles discussed in that case.

In the very nature of things, that full force and effect may be given, or indeed that any substantial force and effect may be given the paragraph of the tariff act providing for toys, it must be held that articles coming within that designation or description are dutiable thereunder, although articles of a similar description and designation may be other where *eo nomine* provided for in the tariff act. Every toy is from the very nature of the article a miniature representation of another and more substantial article. That larger, that more substantial, that article of utility, bought and sold in the commerce of the country, when reduced to a miniature, flimsy, unsubstantial form, usable for the entertainment of children, is a toy. In order,

therefore, to effectuate the manifest purpose of Congress that such articles shall enjoy the particular rate of duty applied to toys, it becomes essential to read this paragraph in connection with paragraphs providing rates of duty for the more substantial article of which the toy is an imitation, and to hold that the Congress did not intend to apply the former provisions to the latter class of articles. Any other construction of the law would practically eliminate the toy provision as a provision of the tariff law.

The decision of the Board of General Appraisers is *affirmed*.