RUBBER ASSOCIATION OF AMERICA ET AL. *v.* UNITED STATES (No. 2035); UNITED STATES *v.* AMSINCK & CO. (No. 2038); UNITED STATES *v.* RUBBER ASSOCIATION OF AMERICA (No. 2039); UNITED STATES *v.* RUBBER ASSOCIATION OF AMERICA ET AL. (No. 2040); RUBBER ASSOCIATION OF AMERICA ET AL. *v.* UNITED STATES (No. 2042); CAPEN'S SONS *v.* UNITED STATES (No. 2043); UNITED STATES *v.* AMSINCK & CO. (No. 2049).[1]

1. CAUCHILLO GUM NOT A DRUG UNDER PARAGRAPH 477, TARIFF ACT OF 1913..

A showing that Colombian or bastard chicle or cauchillo gum is imported principally for use as a substitute for chicle in the manufacture of chewing gum, though sometimes used in making porous plasters, does not establish such a drug use as to bring it within the provision for drugs in paragraph 477, tariff act of 1913.

2. GUMS AND GUM RESINS—DRUGS.

The gums and gum resins of paragraph 477, tariff act of 1913, are only such as are drugs.—United States *v.* Maine Central Railroad Co. (7 Ct. Cust. Appls., 114; T. D. 36427).

3. CAUCHILLO GUM NOT A VEGETABLE SUBSTANCE UNDER PARAGRAPH 552, TARIFF ACT OF 1913.

Colombian or bastard chicle or cauchillo gum, though, of course, broadly speaking a vegetable substance, is not such within the meaning of that term in paragraph 552, tariff act of 1913.—Reed & Keller *v.* United States (5 Ct. Cust. Appls., 95; T. D. 34133).

4. EVIDENCE—SIMILITUDE A QUESTION OF FACT—PRESUMPTION IN FAVOR OF BOARD'S FINDING.

Whether or not such similitude exists between Colombian or bastard chicle or cauchillo gum and chicle as to render it dutiable at the same rate as chicle under paragraph 36, tariff act of 1913, by virtue of paragraph 386, is a question of fact; and the finding of the Board of United States General Appraisers that it does not exist, not being contrary to or unsupported by the weight of evidence, will not be disturbed.

5. CAUCHILLO GUM A NONENUMERATED UNMANUFACTURED ARTICLE UNDER PARAGRAPH 385.

The dried resin of a South American tree, known as Colombian or bastard chicle or cauchillo gum, imported for experimental use as a substitute for chicle in manufacturing chewing gum, the experiment proving unsatisfactory, was held by the Board of United States General Appraisers to be dutiable as a raw or unmanufactured nonenumerated article under paragraph 385, tariff act of 1913, and the decision is affirmed.

## United States Court of Customs Appeals, April 15, 1921.

APPEALS and cross appeals from Board of United States General Appraisers, G. A. 8334 (T. D. 38382) and Abstracts 43690, 43694, and 43780.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General, (*John J. Mulvaney*, special attorney, of counsel), for the United States.

*Comstock & Washburn, Sharretts, Coe & Hillis*, and *Allan R. Brown* (*Geo. J. Puckhafer* of counsel) contra in 2035, 2039, 2040, 2042, and 2043; *Hatch & Clute* contra in 2038 and 2049.

[1] T. D. 38689.

[Oral argument Jan. 20, 1921, by Mr. Mulvaney and Messrs Brown, Puckhafer, and Sharretts.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Four decisions of the Board of General Appraisers are brought here by these appeals and cross appeals—viz, those found in T. D. 38382 (G. A. 8334) and Abstracts 43690, 43694, and 43780. In each case the Board of General Appraisers held the merchandise duitable at 10 per cent ad valorem under paragraph 385 of the tariff act of 1913 as raw or unmanufactured articles not enumerated or provided for. Some of the earlier importations were so assessed by the collector, but, as we understand, most of the later ones were assessed by similitude to crude chicle at 15 cents per pound under paragraph 36 by force of paragraph 386, although a few were charged with duty under the same paragraphs at 20 cents per pound as similar to refined chicle.

A large number of protests are involved, and as the title to the case indicates, several parties are importers. The cases, however, were consolidated and heard as one in this court.

The contention of each of the importers here is that the merchandise is entitled to free entry under either paragraph 477 or 552 of the act, with an alternative claim that if dutiable it is under the provisions of paragraph 385.

The contention of the Government is that all the merchandise is dutiable at 15 cents per pound as crude chicle by similitude under the provisions of paragraph 36 perforce those of paragraph 386.

At the outset the Government concedes that whatever be the tariff status of any of the merchandise, it is all crude or unmanufactured, therefore eliminating all question as to whether or not any of the importations is refined.

The material parts of the respective paragraphs necessary to consider are as follows:

477. Drugs, such as barks * * * gums, gum resin, * * * ; any of the foregoing which are natural and uncompounded drugs and not edible and not specially provided for in this section, and are in a crude state, * * *.

552. Moss, seaweed, and vegetable substances, crude or unmanufactured, not otherwise specially provided for * * *.

385. There shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of 10 per centum ad valorem, * * *.

36. * * * chicle, crude, 15 cents per pound; * * *.

386. That each and every imported article, not enumerated in this section, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned.

The established facts are that all the importations are the sap of a tree grown in South America. This sap is gathered in receptacles;

is then placed over a fire and cooked sufficiently to evaporate the moisture therein, which hardens it so that it becomes what may be called a gum or resin, in which condition it is generally imported in boxes, sacks, or bags, and takes the name of cauchillo gum, or sande gum, or other name, depending sometimes upon the locality in which it is produced. It may hereinafter be referred to as cauchillo. Its principal use, so far as the record discloses, is by manufacturers as one of the materials for making chewing gums. It is worth a little more than half the value of chicle, duty paid in this country, and chicle appears to be used almost exclusively in the manufacture of chewing gum.

It is agreed that the importations of these gums began to take place during the late war, about 1917, when it seemed probable that the supply of chicle, which is grown largely in Mexico, would be interrupted, and there is evidence that in their anxiety to provide themselves with materials for the production of chewing gum, manufacturers thereof bought some gums that could not be used for the purpose. There was considerable evidence on behalf of importers that when used in the manufacture of chewing gum the cauchillo did not yield a very satisfactory chewing gum product, although since, or beginning in 1917, relatively large importations thereof have been made by chewing gum manufacturers.

Evidence on behalf of the Government tended to show that cauchillo was practically usable in the manufacture of chewing gum.

As to such of the importations as are known as "sande," the Government on argument conceded that its claim for dutiability thereof by similitude to chicle had not been established.

Importers strenuously urge that cauchillo gum has a drug use, based upon the proposition that the evidence shows that it is used in the manufacture of porous plasters.

The only direct testimony so relied upon was from Mr. Johnson, a Government witness, and was as follows:

Q. For what purpose is the true chicle used?—A. It is a base for chewing gum.

Q. Any other purpose?—A. Yes; manufacture a porous plaster out of it.

Q. Are you familiar with the use of this Colombian chicle or bastard chicle or cauchillo?—A. Yes, sir.

Q. What is the use for which that is devoted?—A. They use it when they can not get good chicle; they use some of them.

In addition to this, the attorney for the Government, in the absence of one of its witnesses, stated that if the witness were called he would testify that he dealt in both chicle and cauchillo; that his sales of both gums were "confined to manufacturers of chewing gum, except, * * * as Mr. Johnson testified, there is a slight use for both in the making of unofficial plasters." Thereupon counsel for importers said, in substance, that this statement might

be accepted as testified to by the witness, and the Board of General Appraisers so regarded it.

Without further discussion we are of opinion that this does not establish such a drug use of the cauchillo gum as to bring it within the provisions of paragraph 477.

In this connection importers further argue that legislative history indicates a purpose to admit crude tropical gums to free entry, and point out that in preceding statutes, until that of 1883 at least, the general tariff purpose had been to grant free entry to crude gums, unless specifically otherwise provided for.

But we fully considered a similar contention in United States *v.* Maine Central Railroad Co. (7 Ct. Cust. Appls., 114; T. D. 36427) and held in effect that the gums and gum resins exempted from duty under the same paragraph are such only as are drugs, and we see no reason to change our views in that regard.

Nor are we favorably impressed with importers' contention that this gum is a crude vegetable substance within the fair interpretation of paragraph 552. In the broadest sense of the term it is a vegetable substance, but we think it is not so classifiable for tariff purposes under the paragraph.

We had occasion to discuss this question in Reed & Keller *v.* United States (5 Ct. Cust. Appls., 95; T. D. 34133), where bark was claimed entitled to free entry under a paragraph of the same legal import as paragraph 552. The reasoning and conclusion of that case we think exclude these gums from classification as a vegetable substance under the present paragraph.

The importers contend, and the Government agrees, that whether or not similitude exists between these imported gums and chicle is a question of fact. We so understand. See Isler & Guye *v.* United States (5 Ct. Cust. Appls., 229; T. D. 34401), Nevin *v.* United States (5 Ct. Cust. Appls., 423; T. D. 34945); Herman *v.* Arthur's executors (127 U. S., 363).

Upon this issue the board has found as follows:

The testimony in our judgment fails to bring the commodity in question within the purview of paragraph 36 under which it was assessed, either directly or by similitude. From the testimony it is clear that it is not similar either in material, quality, or texture to chicle. We think to be similar in the use to which it is applied it should be applicable in the same form and under the same conditions as the commodity to which it is alleged it is similar. It is shown by the testimony that these gums can not be used as is chicle for making chewing gum. While they can be used, some of them at least, together with other articles and compounds in the manufacture of chewing gum, they can not be used alone as chicle may be, and there is testimony that they are in no way fit for the manufacture of chewing gum.

Under the familiar rule this finding of fact will not be disturbed, unless it is contrary to or unsupported by the weight of evidence.

The Government, applying that rule here, argues that the above finding should be reversed.

We have carefully examined the somewhat voluminous record, including the exhibits, and do not feel warranted in saying that the board has erred in its holding that similitude has not been established.

The Government criticizes some of the testimony in view of certain exhibits, but these considerations were equally for the board as for us, and it has had the additional advantage of seeing the witnesses as they gave their evidence, which is often of assistance in determining an issue of fact.

On the question of similitude by use, which, as we view it, is the strongest similitude claim urged by the Government, we are rather impressed with the view that the use of cauchillo in the manufacture of chewing gum is somewhat experimental and temporary rather than successful and permanent. It seems to have been brought about, in a measure at least, by the unusual conditions resulting from the late war. If later it should appear that such use is commercially practicable, or that improved or different methods of manufacture make it really feasible to use the cauchillo as chicle is used in making chewing gum, and it is so used, the disposition of the cases now before us will not preclude a different view in later proceedings.

Upon the whole record we are of opinion that these importations are not dutiable under paragraphs 477 or 552, as claimed by the importers.

Neither are they classifiable or dutiable by similitude to chicle under the provisions of paragraph 36 by force of paragraph 386, but are dutiable at 10 per cent ad valorem as raw or unmanufactured articles not enumerated under paragraph 385.

It follows that the judgments of the Board of General Appraisers are *affirmed*.