UNITED STATES *v.* LISK & BROS. (No. 3257)[1]

[1] T.D. 43670.

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 14, 1929, by Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This case involves the classification of some very small pieces of glass with coated backs, inclosed in paper frames, and having an appearance of miniature ladies' boudoir hand mirrors.

The collector classified them as toys and levied a duty of 70 per centum ad valorem under paragraph 1414 of the Tariff Act of 1922. Division 1 of the Customs Court, with Mr. Justice Brown dissenting, held that they should be classified under paragraph 230 of said act at 50 per centum ad valorem. From this judgment the Government has prosecuted an appeal to this court.

There was no brief or oral argument presented to this court by appellee upon the hearing of the case, nor do we find where there was any in the court below.

We assume that it is the theory of appellee that the word "mirror" is an *eo nomine* designation under paragraph 230.

The two judges who concurred in the judgment seem to have decided the question upon this theory. The opinion says:

While the mirror is small, it is a mirror, and can be used practically. The statute, paragraph 230, refers to all mirrors not specially provided for. We have been holding that ·this provision is specific and clearly refers to mirrors not exceeding in size 144 inches. This article falls within that designation.

Testimony as to the use made of the article was taken in the trial court, and one of the articles was filed as an illustrative exhibit and

is a part of the record before us. It appears to be a piece of glass about 1 inch by 1⅜ inches in dimension, placed in a flimsy pasteboard frame, having an oval opening, which exposes the glass so as to make the exposed part about seven-eighths of 1 inch at its widest diameter by 1⅛ inches in length. The back of the article is so coated or treated as to make the glass reflect an image, mirrorlike. It may be called a miniature mirror.

On the trial of this case in the Customs Court two witnesses were examined, one for the Government and one for appellee. The witness for the Government described himself as a "salesman in the toy line," and testified that he had sold these articles in various parts of the country, "South, and as far out as Denver; I have been in every State, almost." Asked, "Where have you sold articles of that character?" he replied, "Well, to toy dealers as a rule, particularly dealers who handle the cheap grade stuff, you know; penny stuff among the toy trade for school children." He further testified that he had seen children use them "as little playthings, mainly, probably carried in their purse, too," and "used in little toy sets, * * * may be a little comb in it (the set) and this little mirror, may be sold for 15 cents, and children would buy it." This witness also gave some testimony along the line of commercial designation, which we do not regard as important to consider under the view which we take of the case.

The witness for appellee was appellee's import manager. He filed a sample of the article and the same has been before us for inspection. He testified that he used the mirror upon one occasion to shave with when he was on a camping trip, and that he had carried it in his vest pocket and found it convenient "to look into it and adjust my tie or to see if my face was clean or my hair properly combed * * * and (it) could be used when a large mirror could not be used." He also testified that he had seen his wife use it "to powder her nose on the beach." He further stated his firm sold them to novelty and toy houses and that he had never followed them into consumption to see them used by other people.

The material part of paragraph 230 under which they were placed by the Customs Court reads:

Stained or painted glass windows, and parts thereof; and all mirrors, not specially provided for, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, 50 per centum ad valorem.

We have quoted above all the substantive testimony bearing upon the issue in the case, and in addition thereto have inspected the article filed as a sample. From our analysis of this testimony and considering it in connection with our examination of the sample itself we have concluded that the weight of the evidence is decidedly against

holding that the merchandise involved is of a character which Congress intended should be included as a mirror under paragraph 230 quoted above.

If we disregard the testimony of the witness who shaved with it one time while on a camping trip, and found it convenient to look into to adjust his tie, and who also saw his wife use it as described, there is no testimony whatever to sustain the finding of the Customs Court. We think this testimony should be disregarded. We do not question the truth of it at all, but it shows such a trifling, fugitive use as that, in our opinion, it can not be held as fixing the character of the article, or as being of any value in fixing it. Mere occasional, extraordinary, or exceptional use of a thing for some purpose other than that for which it was designed and intended and for which it is generally and commonly used, does not serve to change its character so as to bring it within the classification proper for those articles commonly utilized in performing the function to which the thing under consideration is temporarily and sporadically put or fugitively adapted. *Richardson Co.* v. *United States,* 8 Ct. Cust. Appls. 179; *Decorated Metal Mfg. Co. (Inc.)* v. *United States,* 12 Ct. Cust. Appls. 141; *Nyman & Sheets* v. *United States,* 14 Ct. Cust. Appls. 434. See also *Kahlen* v. *United States,* 2 Ct. Cust. Appls. 206; *Richard & Co.* v. *United States,* 3 Ct. Cust. Appls. 306, and *Rubber Assn. of America et al.* v. *United States,* 11 Ct. Cust. Appls. 46.

In *Illfelder* v. *United States,* 1 Ct. Cust. Appls. 111, T. D. 31115, this court gave a toy definition which we have since consistently tried to apply in the cases coming before us:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose.

In *Davies, Turner & Co.* v. *United States,* 3 Ct. Cust. Appls. 110, T. D. 32363, this court said:

Cheap, nondurable paper articles, made for the amusement of children, to resemble other and really useful articles, are toys.

We think the merchandise involved in this case falls within the principles asserted as quoted from the two cases, *supra.* The articles are not suitable for use as mirrors. A mere inspection of the sample is sufficient to demonstrate this.

We observe from the record that during the trial before the Customs Court, Mr. Justice Sullivan, who was presiding, indicated a belief that the matter of classification of mirrorlike merchandise had reached a situation where there was a necessity of a determination by this court as to the correct status.

We think the opinion in the case of *Hagen & Co.* v. *United States,* decided by the Customs Court, then known as the Board of Appraisers,

May 10, 1915, Abstract 37755, 28 Treas. Dec. 808, contains reasoning quite applicable to the case at bar. Then the board said:

* * * The mere fact that there is a small mirror on the back is not controlling, as by reason of its smallness its main use may not be as a mirror as ordinarily used. It being adapted to be held in the palm of a child's hand it is quite probable that a child would amuse himself with it by catching and reflecting the rays of the sun, as children often do in play. Observation would differentiate this article from the small mirrors held under previous decisions of this board to be dutiable under prior tariff acts as mirrors, and from our knowledge derived from an inspection of the article we would classify it as a toy. * * *

The merchandise in that case appears to have been a small circular article about 2¼ inches in diameter, having a cheap tin rim or frame and with a mirror on one side and a picture of children at play on the other.

Under the record in the instant case we do not think it was the intent of Congress that the merchandise involved should be classified as a mirror under paragraph 230, Tariff Act of 1922, but hold it to have been properly classified by the collector as toys under paragraph 1414 of said act.

The judgment of the Customs Court is therefore *reversed.*