UNITED STATES *v.* FRANK P. DOW CO., INC. (No. 3244[1])

United States Court of Customs and Patent Appeals, March 19, 1930

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 7, 1929, by Mr. Carter; reargued on rehearing February 12, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Appellee imported certain articles at the port of Seattle, Wash. These were classified by the collector as toys under paragraph 1414 of the Tariff Act of 1922. The collector, in reporting the same, after protest, gave the following description of the articles:

Paper water flowers: These flowers, according to the report of the examining officer, were composed principally of compressed pith with tissue paper, which when placed in water expands into a crude semblance of a flower; classified at 70 per cent, paragraph 1414 of the Tariff Act of 1922.

REASONS AND AUTHORITY FOR ACTION

The article as reported appears to be used principally for the amusement of children, hence the classification; T. D. 41025 cited.

The protest of the importer claimed the goods to be dutiable as manufactures of paper under paragraph 1313, or as unenumerated manufactured articles under paragraph 1459 of said act. The court

[1]T. D. 43915.

below sustained the protest as to that part of the importation represented by collective Exhibit 1–B, under said paragraph 1313, and overruled it in other respects. No cross-appeal having been filed, the only matter now before us is the correctness of this judgment as to those goods represented by collective Exhibit 1–B.

On October 28 last, we concluded that, on the record, the judgment of the Customs Court should be affirmed, and so announced the judgment of the court. Thereafter, on application, a rehearing was allowed. The cause having been again submitted, a majority of the court is of opinion that the conclusion formerly reached by the court is not justified by the record made in the lower court, for reasons which are herein given.

Collective Exhibit 1–B consists of two classes of objects. One of these consists of disks about the size of a silver dime, while the other seems to be representations of sprays of leaves and flowers of various colors. On being placed in water they expand and the foliage and flower clusters unfold, making a very ornamental object and simulating the appearance of small flowers. Occasionally there also appears, from one of these disks or sprays, a rude imitation of a human figure. The testimony is to the effect that the central portions of the small disks are made of compressed pith, and the balance of tissue paper. The component of chief value of all the articles is paper. After having been immersed in water, and having assumed the shape of a flower, or other shape, they appear to remain this way indefinitely. In other words, they do not dissolve or disintegrate in the water.

Three witnesses testified before the lower court—Benjamin Yamin, Marian E. Stringer, and William H. Ehmann. In addition, a record in a previous proceeding, Abstract 51838, was incorporated, in which record the testimony of A. J. Rinkenberger appears.

It was incumbent upon the importer to overcome the presumption of correctness attaching to the collector's classification of these articles as toys if it expected to succeed in its protest. Having alleged the goods to be properly classifiable as manufactures of paper, it had not only the burden of proving that the collector's classification was wrong, but that its protest and claim were right. An examination of the testimony is necessary to disclose whether it has sustained this burden.

The witness, Yamin, did nothing except identify the samples. The witness, Stringer, testified that she was assistant sales manager of Selchow & Righter Co., dealers in toys, and that she had sold and handled these articles of importation, at wholesale, for a number of years, dating back to the time before the enactment of the Tariff Act of 1922. Some effort was made to establish commercial designation of these articles, by this witness, as mystic toy flowers. Obviously, however, she did not qualify to testify as to such commercial

designation. Her information was not uniform, definite, and general as to trade conditions and designation throughout the territory where the articles in question were sold. Therefore we may dismiss any contention made herein as to commercial designation. Miss Stringer testified that she had seen children use these articles; that they put the articles in a tumbler or bowl of water, and, after a short time, the flower would open up. On being asked whether the children were amused thereby, she stated, "They were mystified." She said she had seen them used in several homes, and stated further that when she demonstrated the articles to anyone "we always took the sample and destroyed it after we had demonstrated it." The following question and answer were then asked and given:

Q. For what particular purpose did you demonstrate it—for the purposes of amusement of a child or ornamentation?—A. For purposes of amusement.

The witness, Ehmann, appeared to offer nothing on this subject. The witness, Rinkenberger, in Abstract 51838, testified that he had seen these articles used "at parties or social affairs." He further stated that they were ordered and sold as water flowers. This concluded the testimony.

In *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T. D. 31115, this court, speaking through Smith, J., gave a definition for the word "toy" which, since that time, and through the various changes in the tariff laws which have been made, has continued to be the criterion by which the classification of toys has been decided by us. We quote, again, the definition there given:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

In the opinion filed in that case, which concerned the proper classification of sparklers, devices which were totally destroyed in their use, the court said this:

The toy is a plaything, and that implies something which may be played with, something which may serve the purpose of amusing the child more than once. A device which must of necessity be destroyed in order to amuse does not come within the category of a toy—a plaything. Since 1792, the year in which toys were first mentioned by name in a tariff act, many hundreds of articles have been classified as toys. In all the list of articles so classified, however, we have been unable to find one which of necessity had to be destroyed in order to amuse. The classification as toys of magic flowers, decalcomanias, water paints, and small candles used as a decoration on Christmas trees does not sustain the con-

tention of counsel to the contrary. Magic flowers and decalcomanias are just as capable of amusing after as before their development. Their use does not end their power to please. The same may be said of water paints.

Let us apply the rules laid down in this authority to the case at bar. The importer contends that the objects before us here are within the class of objects mentioned in the *Illfelder* case as being totally destroyed by their use. Such was the view of the United States Customs Court in this matter. However, there is nothing in the record which justifies such a conclusion. The evidence of Miss Stringer, relied upon by the importer, does not so state. She only recites that after she had demonstrated these articles she threw them away.

A physical examination of them does not disclose their destruction by use, and hence there is nothing, either in the testimony of the witnesses or in the examination of the articles themselves, which demonstrates this to be a fact. Such testimony as has been introduced shows, not that the articles are not toys and fitted only for the amusement of children, but, on the contrary, that they are sold in toy stores and are used for the amusement of children. In addition, the collector's classification bears with it the presumption that such is the case. This presumption has not been met and overcome by anything appearing in the record.

If the goods are both manufactures of paper and toys, their designation as toys is the more specific. *United States* v. *Borgfeldt,* 1 Ct. Cust. Appls. 370, T. D. 31455; *Davies, Turner & Co.* v. *United States,* 3 Ct. Cust. Appls. 110, T. D. 32363.

Some point has been made that the goods should have been classified as artificial flowers under paragraph 1419 of the statute. In view of our conclusion as stated above, that question is not material and is not passed upon here.

The judgment of the United States Customs Court is *reversed.*

### DISSENTING OPINION

GARRETT, Judge: I find myself unable to concur in the conclusion of the majority as to the classification of the merchandise involved in this case and respectfully dissent.

I do not think the articles should be classed as toys because it seems to me to do so is to violate the rule in the *Illfelder* case. The article is destroyed in use. When dropped into the water it quickly expands and a crude figure floats out from the opening "petals." The integrity of the structure is thus destroyed. The use of the articles differs from the other class of paper flowers which was included in the shipment. The latter class can be taken from the water and preserved or can remain in the water for a long period of time, as I understand it, and serve as ornaments or decorations on the table or elsewhere about

the home, to an extent, taking the place of natural flowers. Those in issue here can undergo but a single use and that single use works their destruction.

I agree that the testimony in the case did not establish commercial designation as distinguished from common meaning, but it seems to me that the natural interpretation of the evidence of Miss Stringer is that the "flowers" are destroyed in a single use. They are thrown away because after the developments following their being placed in water they cease to be of value.

However, my impression as to their character is derived in the main from an observation of the merchandise itself. One of the so-called flowers was exhibited to the court and a demonstration was given. This satisfied me that under the definition of "toy," as given in the *Illfelder* case, these articles do not belong to that classification.