### LANG *v.* UNITED STATES (No. 1012).[1]

VEGETABLES, PREPARED, AND MEAT EXTRACTS.

The merchandise is vegetable extractive matter with a small amount of meat extract and is a nonenumerated manufacture unless it is dutiable by similitude. There is no substantial proof in the record of there being any substantive portion of meat extract in these bouillon cubes, the proof showing rather that vegetable extract predominates to the exclusion of all other ingredients save for flavoring. But there can be no similitude of quality or texture between such a liquid extract and a vegetable or other solid. The merchandise is dutiable as a nonenumerated manufacture under paragraph 480, tariff act of 1909.

### United States Court of Customs Appeals, April 29, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29661 (T. D. 32801).

[Reversed.]

*Brown & Gerry* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation consisted of so-called bouillon cubes. The record shows them to be, as conceded by all parties to this controversy, manufactured articles made of extract of vegetables with a trace of extract of meat sufficient for bases. The merchandise was held by the board in affirming the collector's decision to be dutiable by similitude to "extract of meat" under paragraphs 481 and 287 of the tariff act of 1909.

The appellant, importer, claims the goods dutiable by similitude under paragraphs 481 and 252 of said act as "vegetables * * * prepared in any way"; or, in the alternative, as nonenumerated manufactured articles under paragraph 480 of said act.

The case is rested for its facts upon an analysis of the merchandise made by the Government chemist at the port of New York, wherein he reports it—

Vegetable *extractive* matter containing *probably* a small amount of meat *extract* (as indicated by the presence of meat bases).

All contentions short of the one that the article is a nonenumerated manufactured article are based upon similitude. It is concededly

---

[1] Reported in T. D. 33394 (24 Treas. Dec., 658).

dutiable as a nonenumerated manufactured article unless dutiable by the said prior applications by similitude, respectively. The case seems to warrant emphasis that before goods can be classified for duty by similitude, there must be a *substantial* and not a remote or doubtful similitude. The rule finds apt expression in Arthur *v.* Fox (108 U. S., 125–8), wherein the Supreme Court said:

> If an article is found not enumerated in the tariff laws, then the first inquiry is whether it "bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated * * * as chargeable with duty." If it does, and the *similitude is substantial*, then in the language of the court in Stuart *v.* Maxwell, *supra* (16 How., 150), "it is to be deemed the same and to be charged accordingly."

The charge of Lacombe, Judge, to the jury in Sykes *v.* Magone (38 Fed., 494–497) is also peculiarly apt:

> You will understand that the similitude referred to in the act must be a *substantial similitude*, not merely an adaptability to sale as a substitute for the article to which it is said to be assimilated, but representing either its employment or its effect in producing results. Nor is it enough that the imported article bears more resemblance to one enumerated article than to another, because *it might not bear any substantial resemblance to either.* Weilbacher *v.* Merritt (37 Fed., 85, 89); Murphy *v.* Arnson (96 U. S., 131).

The limitations of the use of the term in paragraph 252 are set forth in Pierce *v.* United States (1 Ct. Cust. Appls., 171; T. D. 31215) and Nix *v.* Hedden (149 U. S., 304), and confine it to "such things as were grown in the kitchen garden, and which are eaten cooked or raw, like potatoes, carrots, parsnips, turnips, etc., usually served at dinner with or after soup, fish, or meats, which constitute the principal part of the repast."

The opinion of the board does not state in what particulars the facts of similarity are found, and there is no evidence in the record save the sample and chemist's report upon this subject. The latter, be it noted, does not report the merchandise a vegetable substance or material but an extract of such, with "probably" a trace of meat "extract." Similitude is a fact to be proved. Wills *v.* Russell (100 U. S., 621). There are numerous vegetables, all of which are food products, dutiable under the tariff laws at various rates, such as "beans," paragraph 249; "beets," paragraph 250; "cabbages," paragraph 254; "onions," paragraph 261; "peas," paragraph 262; "potatoes," paragraph 265; "vegetables in their natural state," paragraph 269, and others unprofitable of citation.

There are likewise provided by the act various rates for different vegetables "prepared." Thus paragraph 251 provides for "beans, peas, mushrooms, and truffles *prepared* or preserved" at one rate, while paragraph 252 provides for "vegetables * * * prepared in any way" at another rate.

The logic of the board's findings and importer's similitude contention can only be sustained by satisfactory proof as to which of these

vegetables or vegetables "prepared" this article most resembles in the statutory particulars.

If the greater similitude of the extract is to be ascertained by a comparison of the material, quality, texture, or use of its parent vegetable or vegetables, then proof was necessary to show which of such it was made from and the similitude thereof to that of the several vegetables provided for in the tariff act it most resembles in these particulars.

If the greater similitude is to be determined by comparison of the statutory particulars of the extract as imported with vegetables "prepared," then in the presence of the two provisions 251 and 252 for different vegetables "prepared" at different rates of duty should have been made at least as to which of these it thus most resembled. There is no such satisfactory proof in the record.

To say and assume and find as a fact that there is any such similitude between all things that are vegetables, even under paragraph 252 alone, finds its refutation in the common knowledge of the infinite variety of materials and textures and qualities thereof in the vegetable field even as limited by the decisions, *supra*.

That "vegetables * * * prepared," as used in the tariff laws, finds no comparable degrees of similitude with a meat *extract* and by a parity of reasoning with a vegetable *extract* we think well within the distinguishing differences pointed out by the beard in G. A. 5361 (T. D. 24513), cited with approval in Fujiyama *v*. United States (T. D. 30573) by the United States District Court for the Territory of Hawaii, wherein it is stated:

Without undertaking to precisely define the limits of the phrase "vegetables prepared or preserved" in said paragraph 241, we believe that it is intended to cover vegetables which have been subjected to limited processes in preparing them for consumption, of which we might cite such illustrations as canned corn, tomatoes, peas, etc. We are convinced that the provision does not include articles in which the manufacturing process has advanced so far that the identity of the vegetable is practically lost, as in the goods under consideration. It would be a somewhat violent construction, for example, to classify a cake baked from meal produced by grinding corn as a prepared vegetable on the ground that it was prepared corn. Note *In re* Cundill, G. A. 5228 (T. D. 24053).

We think the contention and conclusion that there is a similitude to extract of meat may be dismissed by the suggestion that there is no substantial proof in this record of any substantial portion of meat extract in the article. The proof is that vegetable extract predominates to the approximate exclusion of all other ingredients save for flavoring.

Obviously there can be no similitude of quality or texture between such a liquid extract and a vegetable or other solid.

As to use, the record shows this article to be used for the making of soup. It is a material unfit no doubt as imported for food,

but a material for making food. A vegetable food is something "eaten cooked or raw," as was said in Nix v. Hedden, supra. There is a difference in use between materials for food and food.

Upon this point we agree with the views of the board expressed in G. A. 7302 (T. D. 32030), where the same point was at issue, claiming marmite, which is of a vegetable combination used for making soups, dutiable by similitude as a meat extract. The board very cogently and aptly stated:

The courts, in passing upon the question of similitude as respects similarity in the uses of articles, have stated that such similarity refers to the employment or mode of use or its effect in producing results. Murphy v. Arnson (96 U. S., 132); Pickhardt v. Merritt (132 U. S., 252, 258). In other words, two articles are not similar in use within the meaning of the statute, because both may be used for food purposes, any more than all medicinal preparations may be said to be similar to one another because they are used for medicine. While beneficial results are sought to be obtained from the use of extract of beef and of the commodity here in question, it is not shown, neither do we think it can be said, that they are claimed to be similar in their effect upon the system or in the results which they produce. It is reasonable to assume that the result produced by the use of extract of beef is entirely different from that sought by the users of marmite, and apparently the reason for avoiding one would lead to the use of the other. Hence we do not think any similarity which may exist between the two is such similarity as is provided for in the statute. As above stated, we are satisfied that marmite is a manufactured article and should be assessed as such.

For the reasons herein expressed we are of the opinion that the board erred, and that the merchandise is properly dutiable as a non-enumerated manufactured article.

*Reversed.*