CONE *v.* UNITED STATES (No. 1527).[1]

BASSINE OR PALMYRA FIBER.

These goods are not sufficiently similar in material, quality, texture, or the use to which they may be applied to the istle or Tampico, dressed, dyed, or combed, of paragraph 285, tariff act of 1913, to be dutiable thereunder by similitude, nor is their quality such as to warrant such an assessment. They are dressed goods, and are dutiable as an unenumerated manufactured article under paragraph 385 of the act.

United States Court of Customs Appeals, May 21, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37277.

[Reversed.]

*Allan R. Brown* for appellant.

*Bert Hanson,* Assistant Attorney General (*Robert Hardison,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is a fiber of vegetable origin, one sample being about 8 inches and the other about 10 inches in length. In the answer to the protest it is described as consisting of

[1] Reported in T. D. 35477 (28 Treas. Dec., 960).

piassava, Palmyra, or other vegetable fibers. The importer, testifying, characterized it as bassine fiber largely obtained from the Island of Ceylon; said that it was obtained from a species of palm tree by stripping the stem of the leaf from the trunk of the tree; that the fiber itself is found not in the leaf but in the part so stripped from the tree; that when so stripped it contains the meat or pulp of the tree, which is separated from the fiber by being allowed to rot, or by being subjected to steam, and then beaten; that after having been so processed there still remains a certain so-called scruff adhering to the fiber, which is removed by boiling; that it is then cut into pieces about 12 inches in length, tied in bundles and imported; that its sole use is in the manufacture of brooms and brushes.

The importer claims that the merchandise is entitled to free entry under paragraph 497 of the act of 1913, which reads as follows:

497. Grasses and fibers: Istle or Tampico fiber, jute, jute butts, manila, sisal grass, sunn, and all other textile·grasses or fibrous vegetable .substances, not dressed or manufactured in any manner, and not specially provided for in this section.

Only one witness was called on each side before the Board of General Appraisers. The Government's evidence did not dispute in the main that of the importer, above referred to, as to the origin and preliminary treatment of the imported merchandise. It did, however, legitimately tend to show that the samples in this case were made from a cruder material, also the subject of importation, and which the witness characterized as Palmyra fiber. This fiber the witness said must be colored, combed, and cut into lengths in order to attain the condition of the samples in this case, and that in the condition as imported these samples were ready for use in the manufacture of the brushes for which they were designed, with the exception that sometimes they were steamed or immersed in water before being made into brushes, although large quantities were so used without being either steamed or moistened; that when treated as set forth in his evidence the crude Palmyra fiber became the bassine of the importations. Various samples of the fiber, some apparently in a much cruder and less finished form than the merchandise involved in this case, were introduced, and we think an inspection thereof clearly confirms the testimony of the witness for the Government that the imported merchandise is not a fibrous vegetable substance not dressed or manufactured in any manner, and that the finding of the board to that effect should be upheld.

It is said by the importer and not denied by the Government that, although there is no proof of the fact, the samples indicate that the merchandise in this case and that before the court in Cone v. United States (5 Ct. Cust. Appls., 491; T. D. 35149) are substantially the same in all statutory particulars. Upon the question, therefore, of whether it has been dressed or manufactured in any manner within the mean-

ing of paragraph 497 the holding of this court in that case is control-ling. There paragraph 578 of the act of 1909, which is identical with paragraph 497 now before us, was under consideration, and it was held that cutting, sorting, and packing into bundles ready for ultimate use of the merchandise in that case was a dressing within the meaning of paragraph 578.

The merchandise in the case at bar was by the collector held dutiable, by similitude to istle or Tampico, under paragraph 285, which reads as follows:

285. Istle or Tampico, when dressed, dyed, or combed, 20 per centum ad valorem.

And the Board of General Appraisers sustained the assessment.

Paragraph 386 provides that—

Each and every article, not enumerated in this section, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned.

It will be noticed that paragraph 497 does not enumerate Palmyra fiber or bassine. The question therefore is whether this unenumerated article is under paragraph 386 to be assessed by similitude to istle or Tampico under paragraph 285.

It is urged by the importer that the language of paragraph 285 excludes the idea that this bassine fiber can be dutiable by similitude thereunder. It is said, that Congress by providing in paragraph 285 that only one of the things named in paragraph 497, namely, istle or Tampico, when dressed, dyed, or combed, should pay a duty of 20 per centum ad valorem, of necessity indicated that the other articles named in the paragraph, if dressed or manufactured in any manner and not specially provided for, would not fall within paragraph 285, but would be dutiable under the provision for unenumerated articles found in paragraph 385, and, his first contention failing, the importer claims it should be assessed thereunder as an article manufactured in whole or in part at 15 per cent ad valorem.

It may be noted that paragraph 359 of the act of 1909 is identical with paragraph 285 of the act of 1913, and that in the act of 1909 provision for the first time seems to have been expressly made for the assessment of a duty upon istle or Tampico when dressed, dyed, or combed, although in earlier acts provision had been made for duty upon cables and other articles made in whole or in part of istle or Tampico fiber. See paragraph 258 of the act of 1894. Manifestly prior to the act of 1909 articles within the provisions of paragraph 578 of that act, but not entitled to free entry, had been assessed as unenumerated manufactured articles.

In Strauss *v.* United States (2 Ct. Cust. Appls., 203; T. D. 31946) the similitude paragraph of the act of 1909 was under consideration.

It was there urged that a paragraph providing for combs composed wholly of horn, or of horn and metal, did not admit of an assessment by similitude thereunder of gallilith combs upon the ground that the mentioned provisions for combs related to such as were composed of certain specified material. Of this claim it was said that—

The difficulty with this contention is that counsel has assumed that an express designation of a particular article is the same thing as an express exclusion of all others.

It was pointed out that the similitude paragraph however would be applicable unless there was an express statutory declaration inconsistent therewith. We think the same rule is applicable here.

It was said by the Supreme Court in Arthur v. Fox (108 U. S., 125) that—

If an article is found not enumerated in the tariff laws, then the first inquiry is whether it "bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated * * * as chargeable as with duty." If it does, and the similitude is substantial, * * * "it is to be deemed the same and to be charged accordingly." In other words, although not specifically enumerated, it is provided for under the name of the article it most resembles.

It follows therefore that if this bassine or Palmyra fiber, which is not specifically named in paragraph 497, shall be found similar in material, quality, texture, or the use to which it may be applied to the istle or Tampico, dressed, dyed, or combed, which is named in paragraph 285, it must be held dutiable thereunder.

It therefore becomes necessary to consider in this case whether the statutory degree of similitude between istle or Tampico and the imported merchandise has been established. The evidence contained of record throws much light upon this question. It is clear that both are of vegetable origin, it being shown that istle or Tampico, of which various samples are before us, is obtained from the leaves of the century plant. It would hardly do, however, to say that by reason of the fact that both are of vegetable origin, and so in one sense similar in material, the statutory similitude exists. The products of the vegetable kingdom are too varied to warrant similitude upon that ground alone. Lang v. United States (4 Ct. Cust. Appls., 129; T. D. 33394). Indeed, we do not understand the Government to so claim.

It is clearly established that istle or Tampico fiber is extremely pliable, by reason of which quality it is appropriate for a great variety of uses and is used for making bagging, rope, cloth, so-called curled hair, and various kinds of brushes.

Paragraph 268 of the act of 1913 recognizes that cables and cordage are made of this material, for which, of course, a great degree of pliability or flexibility is required. The imported merchandise can not, on account of its brittleness, be used for any of the above purposes except in the manufacture of brooms and brushes. The

istle or Tampico is used for that purpose, but the brushes in which it is so used require a pliable material, while the brushes in which the bassine is used demand a stiff material. This is summed up in the following question and answer taken from the testimony of the Government witness:

Q. In other words, bassine brushes would not take the place of Tampico brushes, and Tampico brushes would not take the place of bassine brushes?—A. Yes, sir; that is true.

Similitude in any respect must be substantial. Arthur *v.* Fox, *supra.* And we do not think the common use in the manufacture of brushes shown in this case establishes a substantial similitude, because the *uses* to which the brushes of the one material are applied are not the uses for which those of the other material are adapted. Therefore, as to material, texture, and use, the merchandise here seems to lack in the statutory degree the similarity to istle or Tampico to warrant its assessment under paragraph 285.

As to quality, we are unable to apply that characteristic to the two articles in such a manner as to be satisfied that it exists here in the requisite degree.

We do not overlook the fact that the presumption of correctness attaches to the collector's assessment and that on the question of similitude it is the duty of the importer not only to overcome that presumption by proof but also to establish that the statutory similitude does not exist. This may be a close case on that issue, but upon the *record* we think the importer has maintained his contention and that the board ought to have held that the similitude claimed by the collector did not exist.

The result is that the judgment of the Board of General Appraisers is reversed and the protest claim that the merchandise is dutiable as an unenumerated manufactured article at 15 per cent ad valorem under paragraph 385 is sustained, with mandate accordingly.

*Reversed.*