UNITED STATES *v.* KRESS & CO. (No. 2185).[1]

1. SIMILITUDE.
   Similitude, to control classification, must be substantial.—Cone *v.* United States (6 Ct. Cust. Appls. 263; T. D. 35477).

2. STRUNG SEEDS—BEADED ARTICLES.
   Strings of seeds (Job's tear and wili-wili), pierced and strung at one operation with needle and thread, furnished with no spring rings, catches, snaps, or clasps, chiefly used as ornamental manufacturing material, though sometimes used as necklaces or girdles, have not sufficient similitude to the "articles * * * of beads," provided for in paragraph 333, tariff act of 1913 to justify their classification thereunder; and the decision of the Board of United States General Appraisers sustaining a protest claiming them dutiable under paragraph 385 as nonenumerated manufactured articles is affirmed.

United States Court of Customs Appeals, January 22, 1923.

APPEAL from Board of United States General Appraisers, G. A. 8522 (T. D. 39092).

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Harry M. Farrell,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* and *Henry J. Rode* of counsel) for appellees.

[Oral argument November 23, 1922, by Mr. Hoppin and Mr. Puckhafer.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

In T. D. 36656 dated September 7, 1916, the Treasury Department stated that the practice in classifying curtains made of Job's-tear seeds on strings at the port of Philadelphia differed from that at the port of New York. At the former it was stated they were classified by similitude as curtains in chief value of bamboo, etc., under paragraph 175, and at the latter as nonenumerated manufactured articles, under paragraph 385 of the tariff act of 1913. The department for reasons given directed that such curtains thereafter be classified by similitude, as to use, to curtains of beads under paragraph 333 by virtue of the similitude clause in paragraph 386 of the act.

---

[1] T. D. 39439.

The imported merchandise here is natural seeds strung on threads or strings about 4 feet in length. No clasps or snaps are used to keep the ends together, but that is accomplished by tying together the ends of the strings on which they are strung. The seeds appear to be of three kinds, one white, said to be Job's-tear seeds; another red, smaller than the tear seeds; and another brown, similar in size and shape to apple seeds.

Some of the testimony refers to them as wili-wili seeds. The number of the Job's-tear seeds is much less than either of the others. It is agreed that there is no specific provision in the statute for these seeds or the manufacture thereof.

The collector at New York classified the imported merchandise by similitude under paragraph 333 relying upon what he understood to be the principle enunciated in T. D. 36656, supra.

The importer protested, claiming classification as a nonenumerated manufactured article under paragraph 385.

Three witnesses testified—the manager and assistant to the buyer of importers and the examiner of merchandise at New York for the importers and a dealer in beads and fancy work for the Government.

The importers' manager testified that these seeds came from the British West Indies; that they were strung by needle and thread with so-called horsehair, the ends of the strings tied; that there were no spring rings, catches, or snaps or any other arrangement on the strings by which they might be opened and closed; that he was familiar with the uses thereof, which were for cutting them loose and making ornaments, sewing them on dresses, and making them up into articles, and he exhibited a sample bag which he said was made of these seeds. He also testified that in the condition imported they were sometimes worn around the neck and sometimes for a girdle. He gave it as his opinion, based on his trade experience, that they were strung by needle and thread all in one operation; that he had never seen them strung in the West Indies, but had in Czechoslovakia.

The examiner of merchandise testified that he did not know whether the merchandise was seed or beads; that he understood the real name of them was wili-wili seed beads; that he had passed some bead necklaces that did not have any clasps; and that the merchandise in question was apparently strung in the same way as bead necklaces that came under his supervision.

The Government's witness said he had never handled beads of this kind; that beads were principally made of glass; that they were seldom used as jewelry; that some strings of beads were used as necklaces; others were not; and that some that he knew were so used resembled in form the importations; that he had never strung beads. On careful inspection he gave it as his opinion that the holes in these

seeds were made before stringing but he was not sure. He also testified that for about the last 18 months the fashionable way was to omit snaps or catches from necklaces; that before that time it was usual to have snaps or catches thereon.

In this connection it may be noted that he testified before the board on the 5th day of December, 1921; that the entry was made in October, 1920; hence, assuming his understanding to be correct, the change in fashion by the omission of some method of fastening the ends of the strings together had existed less than six months at the time this importation was made.

Inspection shows an orderly arrangement of the seeds on each string as to color and the strings of seeds are ornamental in appearance.

Small fancy articles made up of similar seeds also strung were under consideration in G. A. 6332, T. D. 27257.. They were held under the tariff act of 1897 to be nonenumerated manufactured articles rather than beaded articles by virtue of the similitude paragraph. This decision does not appear to have been reversed or modified, and there has been no change in the applicable statutes since it was rendered.

The board inferred from the evidence, of which the above is the substance, that the seeds in the instant case were pierced and strung at the same time. It found that the principal use of the seeds was in making ornaments, sewing on dresses, and manufacturing various articles, such as the small bag or purse hereinbefore referred to; that their use as necklaces or girdles was occasional.

After a careful examination and discussion of the authorities it sustained the protest.

The finding that the use of these strings of seeds as necklaces is exceptional and not substantial is criticized by the Government, but we discover nothing in the record that warrants us to reverse the board on that ground.

So far as the brown-colored seeds are concerned, it is somewhat of a stretch to regard them as beads, even though holes were pierced through them before they were strung. It might almost as well be claimed for illustration that pumpkin seeds with holes through them were beads, which would be a conclusion at first blush somewhat startling. It is true that the other seeds here in shape conform to what is probably the ordinary conception of beads, but they still remain natural seeds manufactured.

T. D. 36056, supra, related only to curtains made of Job's-tear seeds on strings used similarly to curtains of beads, but these importations are not curtains. The similitude relied upon here by the Government is by use to chains or necklaces of glass beads, but on this issue the board has found that such use is exceptional. In fact, the evidence indicates that prior to a change of fashion occurring less than six months before the importations were made, this claimed similar use did not exist.

Similitude to control classification must be substantial. Cone *v.* United States (6 Ct. Cust. Appls. 263; T. D. 35477).

Under the tariff act of 1897 these natural seeds were held to be nonenumerated manufactured articles. (T. D. 27257, supra. See also T. D. 27318, Abstract 11072.) In the tariff statutes enacted since 1897 we find no indication of a congressional intent to change the classification of natural seeds when strung and chiefly used as are the importations here.

On the whole, we think the judgment of the Board of General Appraisers ought to be, and it is hereby, *affirmed.*