## RINGK & CO. *v.* UNITED STATES (NO. 2498) [1]

1. EVIDENCE—PRESUMPTION FAVORS BOARD.

The judgment of the Board of United States General Appraisers will be affirmed unless it is without evidence to support it or clearly contrary to the weight of the evidence.

2. SIMILITUDE.

Similitude is a question of fact.   Merchandise can not be classified under the "nonenumerated" paragraph of the tariff act unless it can not be classified under some other paragraph by similitude.   Similitude must be substantial. The derivation and meaning of the word "texture" indicates that such similitude would have special reference to woven fabrics or textile fibers.   Classification by similitude of use may well require that the same material, if manufactured into different articles, shall be classified under different paragraphs and be dutiable at different rates, depending, of course, upon the classification and dutiability of the respective enumerated articles concerning which such similitude is established.

3. SIMILITUDE—NONE BETWEEN CELLOPHANE IN STRIPS AND MANUFACTURES OF GELATIN.

Strips of very thin cellophane, 2¼ inches wide and in rolls hundreds of yards long, to be split into strips and braided, woven, or knitted for millinery use were classified under paragraph 319, tariff act of 1913—"Yarns, threads, filaments of artificial or imitation silk  *  *  *."   They are claimed to be dutiable as a nonenumerated manufacture under paragraph 385, or, by similitude to manufactures of gelatin, under paragraph 34.   There is no similitude shown in material, quality, texture, or use, and the claim under paragraph 385 is sustained.   This conclusion is in no way affected by a proven substantial similitude in use between cellophane in sheets and gelatin in sheets.

4. EVIDENCE—MERCHANDISE IN ANOTHER CASE—SIMILITUDE.

A concession that some of the merchandise in another similitude case was the same as some of this at- bar, without moving that record into this case, is of little importance.

## United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 47991

[Reversed.]

*Allan R. Brown* for appellants.
*William W. Hoppin*, Assistant Attorney General (*Samuel M. Richardson*, special attorney, of counsel), for the United States.

[Oral argument May 19, 1925, by Mr. Brown and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

As heard by the Board of General Appraisers, the protests in this case involved the classification of cellophane in two different conditions, one, in sheets some 24 by 36 inches or 36 by 39 inches and 0.001 inch in thickness.

---

[1] T. D. 40960.

The other was in strips many hundreds of yards in length, 2¼ inches in width, and from 0.00175 to 0.0025 inch in thickness. As imported, these strips are wound in rolls on cardboard cops, each roll being from 9 to 12 inches in diameter.

The collector classified all the merchandise under paragraph 319 of the tariff act of 1913, either directly or by similitude to yarns, threads, or filaments of artificial silk or of artificial horsehair, and assessed duty thereon at the rate of 35 per centum ad valorem provided therein for such merchandise.

Importers protested, claiming classification under paragraph 385 of the act as a nonenumerated manufactured article dutiable at 15 per centum ad valorem or, in the alternative, under paragraph 34 of the same act by similitude to manufactures of gelatin, at the rate of 25 per centum ad valorem therein provided for such manufactures.

At the hearing before the board two witnesses testified on behalf of the importers and one on behalf of the Government. Considerable testimony was given especially relating to the similitude between the sheets of cellophane and sheets of gelatin.

The board sustained the importers' claim for classification under paragraph 34 as to all the merchandise, overruling the protests in all other respects. In reaching this conclusion the board relied largely upon the supposed authority of the case of *Rolland Frères* v. *United States,* 11 Ct. Cust. Appls. 321, to which reference will hereinafter be made.

Thereafter importers applied for a rehearing, among other things alleging in effect, that the board had erroneously assumed that the cellophane strips would take the classification of the sheets of gelatin, claiming that such could not be the case because, even if it were admitted that the record showed a substantial similitude between cellophane and gelatin, in sheets, it also affirmatively showed that there was no such similitude between cellophane in such strips as these, and manufactures of gelatin in any form. Importers did not ask to submit further testimony.

The rehearing was granted and the case submitted on the evidence already taken.

Thereupon the board affirmed its previous decision, pointing out that the importers had not introduced any additional evidence and that it saw no reason to change the views expressed in its original decision.

Importers appealed to this court as to the question of the proper classification of the strip gelatin only.

The Government did not appeal from the judgment of the board.

The only issue here, therefore, is whether the cellophane in strips is properly classifiable as held by the board by similitude to manufactures of gelatin under paragraph 34. If not so classifiable, it is not denied that it falls within the provisions of paragraph 385.

In other words, reduced to its final analysis, the question is whether the classification of the board as to the cellophane strips is without evidence to support it or is clearly contrary to the weight of evidence. *Nevin* v. *United States*, 5 Ct. Cust. Appls. 423, and cases cited.

In considering this question, it must be remembered that similitude is a question of fact. *Rubber Association of America et al.* v. *United States*, 11 Ct. Cust. Appls. 46, and cases cited.

The similitude provision of paragraph 386 is as follows:

That each and every imported article not enumerated in this section which s similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned. * * *

There is no denominative provision for cellophane in the tariff act of 1913, and therefore before the importation can be classified under paragraph 385, resort must be had to the similitude paragraph. *Isler & Guge* v. *United States*, 11 Ct. Cust. Appls. 340; *Vandiver* v. *United States*, 2 Ct. Cust. Appls. 505; *Johnson & Co.* v. *United States*, 10 Ct. Cust. Appls. 54.

Similitude, to control classification, must be substantial. *Murphy* v. *Arnson*, 96 U. S. 131; *Arthur* v. *Fox*, 108 U. S. 125; *Cone* v. *United States*, 6 Ct. Cust. Appls. 263; *United States* v. *Kress & Co.*, 11 Ct. Cust. Appls. 443.

Guided by these principles, we proceed to a brief consideration of the evidence.

It is not exactly clear to us from the Government's argument whether it relies upon similitude other than that of use. But however that may be, we proceed to examine the evidence relating to the four classes of similitude mentioned in paragraph 386.

As to material, it is sufficient to say that gelatin is an animal product while cellophane is of vegetable origin. No reason is suggested for holding that under the circumstances of this case similitude of material is present. See in this connection *Cone* v. *United States*, *supra*.

As to similitude of texture, we doubt if any is present in this case and do not understand the Government to so claim. No direct testimony tended to establish such similitude between gelatin and cellophane in any condition.

The derivation and meaning of the word "texture" indicates that it would naturally be more applicable to woven fabrics or textile fibers than to gelatin or cellophane. In this connection see *Pickhardt* v. *Merritt*, 132 U. S. 252 at 258; *Stratton* v. *Komada & Co.*, 148 Fed. 125; *United States* v. *Komada & Co.*, 162 Fed. 465.

As to similitude of quality, the uncontroverted evidence definitely shows the following: Cellophane will wrap more closely when used as a wrapper than will gelatin and can be used for a wet wrapper,

while gelatin can not. Gelatin is soluble in water, grease, or alcohol; cellophane is not. Gelatin will crack much more easily than cellophane. Gelatin can not be embossed; cellophane can. Gelatin will not stretch; cellophane will. Cellophane in strips or sheets can be dyed; gelatin in those forms can not. Gelatin can not be sewed; cellophane can.

These differing qualities appeared from testimony given by the witness called by the Government.

The witnesses for the importers testified in effect to the same differences in qualities. In addition they said that cellophane has a tensile strength and is tough, while gelatin is deficient in both these respects; that cellophane can be sterilized in boiling water while gelatin will disappear when immersed therein; that gelatin, under certain atmospheric conditions, will develop an objectionable odor; that cellophane has little or no odor, if any, an agreeable one.

We are unable to find any testimony in the record that shows any substantial similitude in quality between these cellophane strips and any manufacture of gelatin.

We consider next the question of similitude of use shown by the undisputed testimony.

The Government seemingly relies upon this similitude as controlling in this case and points out that the record shows that sheets of cellophane of the sizes first mentioned in this opinion and smaller ones, are used in wrapping candy boxes as well as separate pieces of candy, in the same manner that like-sized sheets of gelatin are used, and that 90 per centum or more of *sheets* made of gelatin or cellophane, similar to those in this case, are used for such wrapping purposes. The record established such facts and thereon the board held the cellophane sheets dutiable by similitude to manufactures of gelatin. The correctness of that conclusion is not in question here.

The Government, however, argues that because the narrow strips of cellophane in this case are composed of the same material as cellophane sheets, a like conclusion follows. With this we do not agree.

Classification by similitude of use may well require that the same material, if manufactured into different articles, shall be classified under different paragraphs and be dutiable at different rates, depending, of course, upon the classification and dutiability of the respective enumerated articles concerning which such similitude is established. This result happened in the Rolland Frères case.

As to similitude of use between these long narrow cellophane strips and manufactures of gelatin, substantially the following facts appear from the undisputed testimony. Gelatin is not manufactured into such strips and wound on rolls. After importation the cellophane strips are split into narrower strips and then chiefly, if

not wholly, used as material for making braids, knitted goods, and woven goods, all which are largely used in the millinery business. Braiding machines, knitting machines, and looms are used in manufacturing these strips into such goods. Narrow strips of gelatin, if any there were, could not be so manufactured because of the brittleness of gelatin, its absence of tensile strength and its tendency to absorb moisture which causes it to soften and become sticky. Length of strip is important in the use of the cellophane strips. The qualities of gelatin preclude its production and use in such strips. Gelatin is used in the millinery business, in which event it is liquefied and employed as a sizing and not otherwise; cellophane is not so used. Thin sheets or strips of gelatin and the same forms of undyed cellophane have the common characteristics of transparency, but this fact does not constitute any substantial similitude of use, or otherwise, nor is it so claimed.

We conclude that there is no substantial similitude of any kind shown between these cellophane strips and any manufacture of gelatin.

With reference to the controlling force of the Rolland Frères case, it may be observed that the record in that case is not incorporated in the record here, and, therefore, the fact that it is conceded that some of the merchandise there was identical with some here, is of little importance. This is obvious when we consider that the concession covers only cellophane in sheets.

We are of opinion that the finding of the board that these strips of cellophane are dutiable by similitude as manufactures of gelatin is contrary to and against the weight of the evidence. Such strips are, on the record here, classifiable under paragraph 385 as a non-enumerated manufactured article.

The judgment of the Board of General Appraisers is, therefore, *reversed*.