### UNITED STATES *v.* SHELDON & Co. (No. 2780) [1]

LOBSTER PASTE.

Merchandise called "lobster paste" was assessed by the collector as "fish paste" under paragraph 721, Tariff Act of 1922, and protest claiming free entry under paragraph 1662 as lobsters prepared or preserved sustained. The collector reported that it was "a paste composed of fish and cereal, highly spiced." A Government chemist reported that it "has characteristics indicating that it is composed of lobster, with some added lard, cooked starch, or flour and seasoning." There was no evidence as to component material of chief value. Obviously it is something more than lobster prepared or preserved; and, as such was the only claim in the protest, the sustaining of the protest is reversed, though it would seem not to be fish paste as assessed.

United States Court of Customs Appeals, December 14, 1926

APPEAL from Board of United States General Appraisers,. Abstract 51605

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *Thomas J. Canty*, special attorneys, of counsel), for the United States.
No appearance for appellees.

[Oral argument October 4, 1926, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:
Merchandise, called "lobster paste," was assessed for duty by the collector as "fish paste" at 30 per centum ad valorem under par-

---

[1] T. D. 41915.

agraph 721 of the Tariff Act of 1922, the pertinent part of which is as follows:

PAR. 721. * * * fish paste and fish sauce, 30 per centum ad valorem; * * *

The importer claimed in the protests that the merchandise was free of duty under paragraph 1662 of the Tariff Act of 1922, as lobsters, prepared or preserved in any manner.

Paragraph 1662 reads as follows:

PAR. 1662. Shrimps, lobsters, and other shellfish, fresh, frozen, packed in ice, or prepared or preserved in any manner, and not specially provided for.

The collector describes the merchandise in his reports as follows:

The merchandise is a paste composed of fish and cereal, highly spiced, assessed for duty at 30% ad valorem under par. 721, act of 1922, as fish paste.

There was but little relevant evidence introduced on the trial below. A considerable portion of the record is devoted to the effort of the importers to introduce samples of the merchandise. They were finally successful.

The record discloses that samples were admitted in evidence as "Collective Exhibit No. 2." Upon motion of counsel for the importers the samples were submitted to a Government chemist for an analysis to determine "whether the contents are fish paste, as described under paragraph 721, or whether the contents are lobsters prepared or preserved, under paragraph 1662." The material part of the report of the chemist is as follows:

There is no analytical evidence that the sample is fish paste. It has characteristics indicating that it is composed of lobster, with some added lard, cooked starch or flour, and seasoning.

There was no evidence as to the component material of chief value. Upon this record the court below said:

* * * The report shows that it is composed of lobsters with some added lard, cooked starch or flour, and seasoning. This brings it within the principle or, indeed, makes it identical with merchandise considered in Davies, Turner & Co.'s case, G. A. 8865 (T. D. 40411; 46 Treas. Dec. 231), which was not appealed and requires that the protests be sustained. * * *

A judgment was entered sustaining the protests and the Government appealed.

It is contended by the Government: That, as the merchandise under consideration in the *Davies, Turner & Co.* case, *supra*, consisted of small pieces of lobster meat, while that here in question consists of a paste or a manufacture of lobster, lard, cooked starch or flour, and seasoning; the decision in the *Davies, Turner & Co.* case does not control the issues here involved; and that the merchandise is properly dutiable as fish paste under paragraph 721, as held by the

collector, or as a paste composed of vegetables and fish under paragraph 773. The pertinent part of paragraph 773 reads as follows:

PAR. 773. * * * soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

In the *Davies, Turner & Co.* case, G. A. 8865, T. D. 40411, referred to in the decision below, the court described merchandise there involved as follows:

At the trial of these cases the examiner who passed on this merchandise testified that he had handled merchandise similar to the goods in question for several years, probably about 12 years; that it consisted principally of the internal part of a lobster, which is commonly known as tomalley, with pieces of the white tissue and *probably some roe,* but that the *roe was not in any substantial quantity;* that previous to these shipments he had always classified this product and similar products as shellfish free of duty. He further testified that the portion of the lobster that is used in making this grade consists of the *small, fine bits that come out of the body of the lobster and which are not in appearance suited for packing with the large, choicer portions in canned lobster, and that is really the only essential difference between it and the ordinary canned lobster,* which has always been classified as shellfish, free.

Under this state of facts judgment will issue sustaining the protests claiming free entry under paragraph 1662, act of 1922, and directing the collector to reliquidate accordingly. (Italics ours.)

The merchandise in the *Davies, Turner & Co.* case was said by the court below to consist of small pieces of lobster meat and some roe, "but that the roe was not in any substantial quantity," and that it differed from ordinary canned lobster only in the size of the pieces and in appearance. The court concluded that the merchandise was free of duty under paragraph 1662 as lobsters, prepared or preserved.

It should be noted, however, that the merchandise in this case does not consist of small pieces of lobster, but, according to the report of the chemist, is composed of lobster, lard, starch or flour, and seasoning, and made into the form of paste.

There is no evidence as to the component material of chief value, although when tasted the lobster flavor is predominant. There is no explanation in the record as to the purposes to be served by the lard, cooked starch, or flour, or how the merchandise is used. It is evident that it is something more than mere lobster paste, or lobster prepared or preserved; how much more we are unable to say.

The Government contends that if it is not dutiable as fish paste—and we are inclined to the opinion that it is not—it is dutiable under paragraph 773 as a "paste, * * * composed of vegetables and meat or fish, or both, not specially provided for." This might be a happy solution of the problem were it not for the fact that there is no evidence in the record that the merchandise is composed in part of a vegetable.

The Government chemist reported that it contained cooked starch or flour. The collector found that it was composed of "fish and cereal." It would seem from these reports that the starch or flour is of a cereal origin.

We are inclined to the opinion that the merchandise is a manufacture of lobster, lard, starch or flour, and substances used as seasoning; and that, upon the record in this case, it is probably dutiable as a nonenumerated manufactured article, at 20 per centum ad valorem under paragraph 1459.

If it had been shown that lobster was the component material of chief value, a different case might have been presented.

As the merchandise is manufactured of two or more materials, it may be dutiable in accordance with the provisions of paragraph 1460.

However, the only claim made in the protests is under paragraph 1662.

We are of opinion that the decision of the trial court was incorrect; that the merchandise was probably incorrectly classified by the collector, but as the importers confined their claims in their protests to paragraph 1662, we are unable to do more than reverse the judgment below, without approving the decision of the collector.

The judgment is *reversed.*