The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* HESS BROS. (No. 3896) [1]

United States Court of Customs and Patent Appeals, November 4, 1935

*Joseph R. Jackson,* Assistant Attorney General (*Francis J. Hogan* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[1] T. D. 48026.

[Oral argument October 9, 1935, by Mr. Folks and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved consists of tablets used in making soups. The importations were made through the port of New York while the Tariff Act of 1922 was in effect. The collector's classification was under paragraph 773 of said act, duty being assessed at 35 per centum ad valorem. The importer filed protest in which there were alternative claims. As to all the items involved in the appeal the United States Customs Court (Third Division) sustained importer's claim under that portion of paragraph 1459 of said tariff act which provides a duty of 20 per centum ad valorem on all articles manufactured, in whole or in part, not specially provided for, and appeal was taken by the Government to this court.

The full text of paragraph 773 of the Tariff Act of 1922 reads:

PAR. 773. Vegetables, if cut, sliced or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; sauces of all kinds, not specially provided for; soya beans, prepared or preserved in any manner; bean stick, miso, bean cake, and similar products, not specially provided for; soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

It will be noted that the paragraph covers a large variety of articles, all of which are food articles, but each of which differs from the others in certain characteristics.

In the case of *Westergaard & Co.* v. *United States*, 19 C. C. P. A. (Customs) 299, T. D. 45469, we declared:

Paragraph 773 is essentially a vegetable paragraph, and we think the Congress clearly intended that the articles covered thereby should consist of at least a substantial quantity of vegetables. We are confirmed in this view by the statements contained in the Summary of Tariff Information, 1921, wherein it is said that paragraph 773 contains "a new provision for vegetables, with or without meat or fish, in the form of soups, etc.," and that the paragraph provides for "fancy food preparations of vegetables or of vegetables mixed with meat or fish."

The special report of the appraiser, which was made a part of the report of the collector transmitting the instant case to the United States Customs Court, recites that the merchandise was "returned for duty as prepared or preserved vegetables, n. s. p. f. * * *."

It is concluded by us, therefore, that the collector's classification, to which the presumption of correctness applies, was under that specific language of paragraph 773 which reads:

Vegetables * * * prepared or preserved * * * not specially provided for * * *.

It is proper to state that before the Customs Court several varieties of tablets were involved which are not involved here. As to those the court sustained the collector's classification, seemingly under the specific language just quoted, and the importer took no appeal. Thirteen varieties are involved in the appeal. These were analyzed by the Government chemist by direction of the trial court upon motion of counsel for the importer. The result of the analysis follows:

Tomato:

| | Percent |
|---|---|
| Cereal flour | 60 |
| Salt | 14 |
| Tomato pulp (dried), a little yeast extract and seasoning | 26 |

Vermicelli:

| | Percent |
|---|---|
| Cereal flour | 74 |
| Salt | 20 |
| Milk or milk product and seasoning | 6 |

Star paste:

| | Percent |
|---|---|
| Cereal flour | 81 |
| Salt | 11 |
| Milk or milk product and seasoning | 8 |

Potato:

| | Percent |
|---|---|
| Cooked wheat and a small amount of potato flours | 70.0 |
| Fat | 7.8 |
| Salt | 10.9 |
| Potato peel, yeast extract, and undetermined | 11.3 |

Mock turtle:

| | Percent |
|---|---|
| Wheat, tapioca, and sago flours | 55.0 |
| Fat | 9.3 |
| Salt | 19.8 |
| Meat extract and undetermined | 15.9 |

Oat:

| | Percent |
|---|---|
| Ground hulled oats | 76.0 |
| Fat | 11.9 |
| Salt | 10.2 |
| Undetermined | 1.9 |

Pea and bacon:

| | Percent |
|---|---|
| Pea flour | 69.0 |
| Fat | 10.1 |
| Salt | 11.6 |
| Meat extract and undetermined | 9.3 |

Rice and tomato:

| | Percent |
|---|---|
| Salt | 13 |
| Tomato pulp (dried), a little yeast extract and seasoning | 9 |
| Rice and cereal flour | 78 |

Mushroom:

| | Percent |
|---|---|
| Potato, tapioca, and wheat flours | 67.0 |
| Fat | 7.0 |
| Salt | 10.7 |
| Mushrooms and undetermined | 15.3 |

Julienne:

| | Percent |
|---|---|
| Vegetables and small amount of spices | 38.1 |
| Meat, yeast, and vegetable extracts | 33.0 |
| Fat | 6.5 |
| Salt | 20.3 |
| Undetermined | 2.1 |

Barley:

| | Percent |
|---|---|
| Pearl barley and wheat flour | 70.0 |
| Fat | 12.4 |
| Salt | 15.5 |
| Undetermined | 2.1 |

Spring vegetable:

| | Percent |
|---|---|
| Cooked wheat flour and a small amount of potato peel | 52.0 |
| Vegetables and spices | 11.0 |
| Fat | 6.3 |
| Salt | 18.7 |
| Meat extract and undetermined | 12.0 |

Rieteli or small paste:

| | Percent |
|---|---|
| Wheat flour | 75.0 |
| Fat | 3.7 |
| Salt | 13.9 |
| Undetermined | 7.4 |

In passing upon these varieties the trial court seems to have considered not only the language of said paragraph 773, reading: "Vegetables * * * prepared or preserved * * * not specially provided for" applied by the collector, but also the subsequent part thereof, reading: "* * * soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, * * *" and held the merchandise not covered by either clause.

The decision of the trial court seems to have been grounded principally upon the decision of this court in *Meyer & Lange* v. *United*

*States*, 18 C. C. P. A. (Customs) 79, T. D. 44043. This court there reversed a decision of the Customs Court which held certain "soup squares" to have been properly classified under the last clause of paragraph 773, immediately above quoted. It was held by this court that the squares were not classifiable under any part of paragraph 773, but were properly classifiable under paragraph 1459.

It is proper to state that this court was not unanimous in its decision in the *Meyer & Lange* case, *supra*, Presiding Judge Graham and Associate Judge Bland dissenting and holding that the doctrine of similitude should be applied. The Government earnestly insists upon the application of that doctrine here, but nothing appears in the record to indicate that it was insisted upon below.

We did not in the *Meyer & Lange* case, *supra*, have so complete an analysis of the merchandise there involved as is presented with respect to that here involved. The opinion there states that it consisted of—

soup squares composed of lentil, pea, rice, barley, potato, oxtail, etc., with a mixture of flour, fat, salt, seasoning, and meat extract.

The percentages of the respective ingredients were not there shown.

In the course of the majority opinion in that case it was said:

We see no escape from the conclusion that because of the presence of the meat extract and fat in the merchandise it is not classifiable either as "vegetables prepared in any way," or, by similitude, as associated with and similar to "bean stick, miso, bean cake, and similar products."

It was further held by the majority that the second clause of the paragraph, covering "soups, pastes, balls," etc., was not applicable to the merchandise for the reason that it was not composed wholly of vegetables, nor of vegetables and meat or fish or both, saying:

Meat extract is not meat, and therefore the provision does not describe the merchandise here in issue.

The view of the majority with respect to the applicability of the similitude doctrine under either clause of the paragraph was that it was not applicable, this court's decision in *Lang* v. *United States*, 4 Ct. Cust. Appls. 129, T. D. 33394, from which extensive quotations were made, being regarded as controlling.

Near the close of the majority opinion it was said:

If the record in this case showed that the meat extract, fat, etc., were only a negligible part of the article, used for flavoring, we might reach a different conclusion.

We have examined the record in the instant case in the light of what was said in the *Meyer & Lange* case, *supra*.

When we refer to the analysis, *supra*, in detail, it is noted that six of the items, viz, "Vermicelli," "Star paste," "Mock turtle," "Oat,"

"Barley," and "Rieteli" contain no vegetables. Each shows a major percentage of some kind of cereal flour with substantial percentages of salt and either fat, or milk; milk, instead of fat, being present in the vermicelli and star paste. Also it is noted that the mock turtle tablets contain 15.9 percent "meat extract and undetermined."

Cereal flours are not vegetables in the sense of paragraph 773, *supra*. *Vide United States* v. *Sheldon & Co.*, 14 Ct. Cust. Appls. 318, 320, T. D. 41915.

Each of the remaining seven items contains some vegetables, but in each of these, except the "Pea and bacon" item, there is a preponderance of other substances and no good reason appears for questioning the finding by the trial court to the effect that meat extract is an ingredient of the "Pea and bacon" and "Julienne" articles.

In view of the foregoing facts, we are not convinced that a showing has been made here which so distinguishes this case from the *Meyer & Lange* case, *supra*, as to justify our holding that the rules there deemed applicable by the majority are inapplicable here. Definite percentages which were not shown there are shown here, but these, in our opinion, tend to strengthen rather than weaken importer's case under the rules there applied.

Reconsideration has been given to the question of the applicability of the similitude doctrine. The Government has pressed its applicability here with even more earnestness than it did in the *Meyer & Lange* case, *supra*. However, its applicability was urged there, and that it was there fully considered by us is evidenced by both the majority and minority opinions.

No phase of the issue has been presented here that did not receive consideration there. We feel that the question is *stare decisis*.

The judgment of the United States Customs Court is *affirmed*.

## CONCURRING OPINION

Graham, Presiding Judge: In *Meyer & Lange* v. *United States*, 18 C. C. P. A. (Customs) 79, T. D. 44043, I was unable to concur with the majority, thinking that the imported goods were classifiable under paragraph 773 of the Tariff Act of 1922 by similitude. Judge Bland was of the same opinion. The case at bar raises the same issue. I can see no material differences in the record. The majority of the court is still of the same opinion that it expressed in the *Meyer & Lange* case, *supra*. Therefore, although my views, expressed in that case, have not changed, I am constrained to here concur with the conclusion reached by the majority, believing that the controverted issue has been decided in the said *Meyer & Lange* case.

Bland, Judge, concurs in the above concurring opinion.