ALLIANCE DISTRIBUTORS, INC. *v.* UNITED STATES [1]

United States Customs Court, First Division

(Decided September 29, 1938)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Hadley S. King* of counsel) for the plaintiff.

*Joseph R. Jackson,* Assistant Attorney General (*John J. McDermott* and *William J. Vitale,* special attorneys), for the defendant.

[1] C. D. 35.

132

Before McClelland, Sullivan, and Brown, Judges; Sullivan, J., dissenting

McClelland, Presiding Judge: This protest is lodged against the classification of articles which are described on the invoice as "'Diamante' Jewel Showcards," and the assessment of duty thereon at 40 cents per pound and 50 per centum ad valorem under paragraph 33 of the Tariff Act of 1930 by similitude to the finished or partly finished articles of which galalith is the component material of chief value there provided for. The protest claim is that duty should have been assessed on the merchandise at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the same act for "articles manufactured, in whole or in part, not specially provided for."

Discussion of the merits of the collector's classification and assessment becomes unnecessary since counsel for the Government conceded both in the record and in his brief that such classification and assessment were erroneous. In the Government's brief, however, it is contended that the merchandise is properly classifiable under paragraph 31 by similitude, under the provisions of paragraph 1559, to the finished or partly finished articles of which cellulose acetate is the component material of chief value therein provided for.

Notwithstanding the Government's concession that the collector's classification and assessment were erroneous, it becomes nevertheless necessary to review the record in order to determine whether or not the claim of the protestant is well founded. There are two samples in evidence; one is marked "Exhibit 1" and the other "Illustrative Exhibit A." Both of these are conceded to be representative of the involved merchandise, and consist of flat pieces of material, 1½ by 7 inches, containing an advertising imprint set off with rhinestones thereon.

The witness Bechtoldt, called to testify on behalf of the plaintiff, was shown to be an analytical chemist of extended education and experience. He testified that he had analyzed part of the sample marked "Exhibit 1" and found that it consisted of "a phenolic phosphate ester and an acetate condensate, together with a coal-tar dye," and that the exhibit consisted mainly of a synthetic resin, not laminated, the synthetic resin being the main body of the substance. On cross-examination he added that Exhibit 1 belongs in the plastic group.

Other than this last statement of the witness there is nothing in his testimony that could have any possible bearing upon whether the merchandise in issue was directly or by similitude classifiable under the provision for articles of which cellulose acetate is the component material of chief value.

At the close of this witness' testimony the Government moved that a sample of the merchandise be sent to the Government chemist

for a qualitative and quantitative analysis, and it was so ordered by the court.

At an adjourned hearing defendant's witness Sample, being called to testify, stated that he was a "customs chemist" in the laboratory in the appraiser's office at the port of New York, and that he had made an analysis of Exhibit 1. Describing his analysis and findings, he said:

I subjected it to the usual chemical analysis, to determine its composition, its nature; and I examined it physically as to its apparent durability, its toughness, its hardness; all the information that was available. * * * Galalith was not present * * * I found that it was a plastic composed of mixed polymerized vinyl acetate resin and vinyl chloride resin.

After thus giving the results of his analysis, he testified:

Q. Were your findings similar in any manner to galalith, in material or quality?— A. No.

Q. Did your findings in any manner resemble cellulose acetate?—A. Exhibit 1 *more nearly* resembled cellulose acetate than it did galalith.

Q. From your experience as a chemist do you consider galalith as a plastic?— A. Yes, sir.

Q. Have you analyzed many plastics in your experience?—A. Yes; hundreds of them.

Q. Do you consider the cellulose acetate findings herein to be a plastic or a member of the plastic group?—A. I do. They form a plastic series known as celluloid, and cellulose nitrate is one. They are all in that family.

Q. Is galalith a member of that family?—A. Galalith is a protein, a member of an entirely different group.

Q. Are they both plastics?—A. They have that in common, that they are plastics.

Q. That is, the merchandise before the court and also galalith are both plastics?—A. Yes, sir. [Italics added.]

Conceding that galalith and cellulose acetate are both plastics, the question is whether that fact alone is sufficient upon which to base a conclusion that the merchandise at bar, which is also a plastic, is dutiable by similitude to either of them.

Following the testimony of this witness the Government called William A. McDevitt, the examiner in the appraiser's office who advisorily classified the merchandise by similitude to articles of galalith under paragraph 33, *supra*. The gist of his testimony was that if he had had before him the report of the witness Sample he would have classified the merchandise "as cellulose acetate, under paragraph 31, which provides for celluloids and cellulose acetates."

Paragraph 1559, *supra*, provides in part as follows:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

and it is well settled that such similarity must be substantial before the foregoing provisions will apply. *Ringk & Co.* v. *United States,* 13 Ct. Cust. Appls. 126, T. D. 40960, and cases therein cited.

I find absolutely nothing in the record on which to base a conclusion that the merchandise in issue is either cellulose acetate or dutiable under the provisions therefor by similitude under the application of the provisions of paragraph 1559, *supra,* and since it does not appear to be enumerated in any other provision in the existing tariff law, either directly or by similitude, it follows that it is properly classifiable under the provisions of paragraph 1558 and dutiable at the rate of 20 per centum ad valorem as claimed.

The protest is therefore sustained, and the decision of the collector is reversed. Judgment will issue accordingly.

### DISSENTING OPINION

SULLIVAN, Judge: I am satisfied that the merchandise covered by this protest is more accurately classifiable under paragraph 31, than as a nonenumerated manufactured article under paragraph 1558. In my judgment the plaintiff has not sustained its cause of action. I have written a memorandum expressing my view, but on reconsideration I realize the uselessness of a dissenting opinion, and content myself with the statement: I dissent.