(C. D. 1864)

CRESCA CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 26, 1957)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* and *Eugene F. Blauvelt* of counsel) for the plaintiff. .

*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

DONLON, Judge: Plaintiff seeks to recover customs duties alleged to be excessive because certain soup mixes, imported by plaintiff, were classified as nonenumerated manufactured articles and charged with duty at the rate of 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930. It is plaintiff's contention that these soup mixes should have been classified under paragraph 775, either directly or by virtue of the similitude provision of paragraph 1559.

Protest 249794–K alternatively claims that duty should be at 10 per centum ad valorem under paragraph 1558, as modified, presum-

ably on the basis of classification as a manufactured article not edible for human consumption. This alternative claim was not asserted on trial or in plaintiff's brief, and it is deemed abandoned.

The General Agreement on Tariffs and Trade, T. D. 51802, effective at the time this merchandise was entered, modified paragraph 775 to provide a rate of 17½ per centum ad valorem on "soup preparations, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for." This is the classification and the rate on which plaintiff's claim for relief is founded.

Plaintiff, in its brief, presents no arguments in support of the claim to direct classification under paragraph 775, as modified, by description in the modified paragraph. No evidence was offered on that issue. Indeed, evidence plaintiff introduced as to the ingredients of these soup mixes (illustrative exhibits 8 and 9) leaves no room for doubt that they are not entitled to direct classification as soup preparations, composed of vegetables, or of vegetables and meat or fish, or both. If that claim is not abandoned, it is dismissed. We proceed to consider the protest claim, based on similitude.

These two protests, consolidated for trial, have to do with five different soup preparations. They are described in the testimony of plaintiff's sole witness and identified on the labels of specimens, introduced in evidence as typical of this merchandise, as prepared "soupmix," from which, by adding water and cooking, as the package directions advise, soup can be prepared as follows:

Egg drop_____ (collective exhibit 1)
Mushroom_____ (collective exhibit 2)
Chicken noodle_____ (collective exhibit 3)
Asparagus_____ (collective exhibit 4)
Consomme celestine_____ (collective exhibit 5)

Other soup preparations were also imported, including lyonnais onion (collective exhibit 6) and green pea (collective exhibit 7). The lyonnais onion soup mix and the green pea soup mix were classified by the collector under paragraph 775 and are not in issue here. Presumably that classification was direct and not by similitude.

Defendant argues that this issue is *stare decisis*, having been decided, adversely to plaintiff's claim, by our appeals court not once, but twice. *Meyer & Lange* v. *United States*, 18 C. C. P. A. (Customs) 79, T. D. 44043; *United States* v. *Hess Bros.*, 23 C. C. P. A. (Customs) 172, T. D. 48026. On first reading, those cases seem to have much in common with the issue before us, and we proceed first to consider defendant's claim that these decisions should control our decision. In this consideration, we do not have the benefit of plaintiff's views. Plaintiff's brief does not mention these decisions, much less indicate how they may be distinguished from the case at bar or, if they cannot be distinguished, whether the rule of *stare decisis* should be applied.

The earlier of these two cases is the *Meyer* case. The appeals court was divided, three to two, on the very issue for which the decision is here cited by defendant. The only difference between the majority of the court and the minority seems to have been as to whether certain concentrated soup squares were dutiable, *by similitude* to "soups, pastes, balls, * * * and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for * * *."

The record in the *Meyer* case was not one that helped defendant in its claim for classification of the *Meyer* soup squares by similitude. The record consisted solely of the incorporated record in an earlier case, litigated under a different provision of the 1913 act, and a stipulation that the *Meyer* merchandise was *the same* as the merchandise in the incorporated record. While this identity of merchandise might be helpful in deciding classification by description, the record hardly could be said to give much support to a claim that was based on similitude of use.

In its brief discussion of the similitude issue, the majority of the court, in the *Meyer* case, cited with approval *Lang* v. *United States*, 4 Ct. Cust. Appls. 129, T. D. 33394, denying, under the 1909 tariff act, classification of bouillon cubes, by similitude to "vegetables * * * prepared * * *." A majority of the court found, in the *Meyer* case, that similitude classification could not be applied, because the record did not show similitude of material. The minority thought the incorporated record supported a finding of similitude, *both* of material and of use.

When the *Hess* case, *supra*, was tried, the record was developed more extensively than the record in the *Meyer* case had been, but as to ingredients, that is, as to material. The *Hess* merchandise also was described as soup tablets. Classification in liquidation seems to have been under paragraph 773, by description, not by similitude, as vegetables "prepared or preserved" not specially provided for. On the record before it, out appeals court followed its earlier *Meyer* decision. It is significant, in considering whether these decisions are *stare decisis*, that both the majority and minority of the court, in the *Hess* case, found that the record there was not substantially different from the *Meyer* record. The majority of the court, in the *Hess* case, said:

* * * we are not convinced that a showing has been made here which so distinguishes this case from the *Meyer & Lange* case, *supra*, as to justify our holding that the rules there deemed applicable by the majority are inapplicable here. Definite percentages which were not shown there are shown here, but these, in our opinion, tend to strengthen rather than weaken importer's case under the rules there applied.

Reconsideration has been given to the question of the applicability of the similitude doctrine. The Government has pressed its applicability here with even

more earnestness than it did in the *Meyer & Lange* case, *supra*. However, its applicability was urged there, and that it was there fully considered by us is evidenced by both the majority and minority opinions.

No phase of the issue has been presented here that did not receive consideration there. We feel that the question is *stare decisis*. (P. 176.)

The two judges who constituted the minority in the *Meyer* decision concurred in the *Hess* decision, because of the majority holding in the *Meyer* case, but said, as to the state of the *Hess* record:

* * * The case at bar raises the same issue. *I can see no material differences in the record.* The majority of the court is still of the same opinion that it expressed in the *Meyer & Lange* case, *supra*. Therefore, although my views, expressed in that case, have not changed, I am constrained to here concur with the conclusion reached by the majority, believing that the controverted issue has been decided in the said *Meyer & Lange* case. (P. 176.) [Emphasis supplied.]

Similitude of imported merchandise may be, of course, "either in material, quality, texture, or the use to which it may be applied * * *." (Paragraph 1559.) It may be one of these, or more than one; but one is enough.

The record before us, like the records in the *Meyer* and *Hess* cases, presents evidence as to material, that is, ingredients. Our record also presents considerable evidence relating to use of this soup mix preparation.

We do not need to question the decisions of our appeals court in the *Meyer* and *Hess* cases to hold, as we do, that they are not *stare decisis* of the issue before us as to similitude of *use*. We are of opinion that similitude in material, quality, or texture of the merchandise before us, to any article enumerated in paragraph 775, as modified, has not been shown.

Considerations relevant to similitude of material, quality, or texture are not necessarily relevant to similitude of use. This distinction was pointed out recently by our appeals court in *J. M. P. R. Trading Corp. et al.* v. *United States*, 43 C. C. P. A. (Customs) 1, C. A. D. 600, appealed from C. D. 1658, *infra*.

The Customs Court in its decision quoted our holding in *Corporacion Argentina* v. *United States*, 29 C. C. P. A. (Customs) 288, C. A. D. 204, to the effect that the similitude clause * * * does not require that the resemblance should be in all four of the particulars mentioned—material, quality, texture, and use—but that a substantial similarity in any one of those particulars is sufficient. The court then found that appellants' merchandise is similar in use to silk fishing lines, and it is that holding which is brought into question as the issue of this appeal.

In passing upon the question of similitude of use it is unnecessary to consider the contentions of appellants that there are many physical and chemical differences between silk and nylon, and that silk fishing lines are braided whereas a monofilament nylon line, as its name implies, consists of a single strand, since those contentions relate to the material, quality or texture of the article under consideration, rather than to its use.

Appellants do not deny that their product and silk fishing lines are both used for fishing but they contend that their line is used "primarily and almost exclusively in a method of fishing known as spinning" in which the spool does not revolve, and the line falls off the end of it, whereas silk line is commonly used with a revolving spool or reel. Assuming, without so deciding, that two lines may be used in fishing in such dissimilar manners as to avoid the similitude of use provision of paragraph 1559, it remains to be considered whether such a divergence of use has been shown in the present case between silk and monofilament nylon.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The record of this case as a whole leads to the conclusion that silk and monofilament nylon lines may both be used for each of the common types of fishing, and that both are so used to some extent at least. It further appears that the selection as between these two is dictated by personal preference and it may well be that monofilament nylon is more generally preferred for spinning and silk or braided nylon for fishing in which a revolving reel is used. In our opinion, however, such preference does not constitute a dissimilarity in use, and we consider the lower court's holding that monofilament nylon fishing line is dutiable under paragraph 1211 by similitude to silk fishing line to be amply supported by the record. (Pp. 2, 3.)

Plaintiff's witness, Levi, testified, on the basis both of personal experience and observation, that the instant merchandise may be and is used to prepare soup and that whether selection is of one or another of these soup preparations, or one of the soup preparations "composed of vegetables, or of vegetables and meat or fish, or both," is dictated by personal preference (R. 17, 21). All are soup preparations, and all are used in like manner to prepare soup. We are of opinion, on the record before us, that similitude of use has been shown.

It remains to dispose of defendant's insistent objection that application of the similitude clause is here barred, because the materials used in this merchandise differ from the materials that are recited in paragraph 775.

The decision in the *J. M. P. R. Trading Corp.* case, *supra*, is authority for overruling this contention. There, the tariff provision to which similitude was found was a provision for manufactures, *wholly or in chief value of silk*. The merchandise found dutiable, by similitude, contained no silk. It was manufactured of nylon. If consideration of similitude were to be excluded, because of dissimilarity of material, in every case where the tariff provision relates direct classification to a material, the intention of Congress expressed in paragraph 1559 would be seriously distorted. It is not where material is different that similitude may not be claimed, but where material is the same but fails to meet the terms of statutory definition of that material.

Judge Ford, in his opinion in *J. M. P. R. Trading Corp. et al.* v. *United States*, 33 Cust. Ct. 226, C. D. 1658, pointed out this distinction. Claim for classification of nylon, by similitude to "rayon or

other synthetic textile" products, was rejected, while classification of nylon, by similitude to silk, was upheld. Nylon is a synthetic textile, but it does not conform to the definition of synthetic textiles laid down by Congress in language "so clear and plain that it is not open to construction." (P. 230.)

The limits of this doctrine are stated in *Cresca Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 83, T. D. 43376, in which our appeals court said:

Applying the principle here, a mixture containing sugar and water is dutiable under paragraph 501 only if it tests above 50 sugar degrees. *No application of the similitude statute can put it into a classification from which it is expressly excluded.* (P. 85.) [Emphasis supplied.]

The rule is that only where material is different from the enumerated material, is there an opportunity of invoking the similitude clause. Where material is the same as an enumerated material, there is no basis for similitude. Either material meets the statutory description, and so comes directly within the enumeration; or it is excluded because, although the same material, it does not meet the exact terms of statutory definition. The intention of Congress, either to include or to exclude, having been expressed, will prevail.

There is no express exclusion of nylon from manufactures "wholly or in chief value of silk," and the court applied classification, by similitude of use, in the *J. M. P. R. Trading Corp.* cases, *supra.* There is no exclusion of the ingredients contained in these soup preparations now before us, from "soup preparations, composed of vegetables, or of vegetables and meat or fish, or both." We are free to apply the similitude clause, since the record before us establishes similitude of use.

We are mindful that, in applying the similitude clause to foods, care needs must be taken to limit application to articles as to which there is true similitude in use, and not mere similitude in use as food. Here, there is not that problem. The claimed tariff provision is for soup preparations. These articles are soup preparations, and the record shows similarity of use as soup.

The protests are sustained. Judgment will issue to plaintiff.