**No. 61249.**—Brian Fabrics Corp. and Airport Clearance Service et al. *v.* United States, protests 286131–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of articles of silk wearing apparel similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 10, 1957

**No. 61250.**—Morganite, Inc. *v.* United States, protests 311100–K, 311437–K, and 312134–K (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of carbon powder similar in all material respects to that the subject of *Morganite, Inc.* v. *United States* (42 C. C. P. A. 207, C. A. D. 595), the claim of the plaintiff was sustained.

**No. 61251.**—Gimbel Bros., Inc., et al. *v.* United States, protests 192130–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the items of merchandise marked with the letter "A" were held dutiable at 20 percent under paragraph 1547 (a), Tariff Act of 1930, and the items marked with the letter "B" at 10 percent under the provision in said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for "Works of art * * * statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50."

**No. 61252.**—The Nestle Co., Inc. *v.* United States, protest 301184–K (New York).

Opinion by Donlon, J.  In accordance with stipulation of counsel that the merchandise consists of soup mixes similar in all material respects to those the subject of *Cresca Co., Inc.* v. *United States* (38 Cust. Ct. 211, C. D. 1864), the claim of the plaintiff was sustained.

**No. 61253.**—Regina Trading Corp. *v.* United States, protest 314094–K (New York).

Opinion by Donlon, J.  In accordance with stipulation of counsel that the merchandise consists of soup mixes similar in all material respects to those the subject of *Cresca Co., Inc.* v. *United States* (38 Cust. Ct. 211, C. D. 1864), the claim of the plaintiff was sustained.

### August 19, 1957

**No. 61254.**—Louis S. Josephson, as surviving partner of Kobe Import Co. *v.* United States, petition 7211–R.—
Petitioner's application for rehearing denied.

### October 4, 1957

**No. 61255.**—D. Strauss Co., Inc. *v.* United States, protests 272722–K and 273336–K.—Protests abandoned July 31, 1957.  (Not published.)  (Initial No. 197086–K.)  Plaintiff's application for rehearing granted.

### October 9, 1957

**No. 61256.**—Theo. L. Stern & Co., Inc. *v.* United States, protest 285185–K.—

Plaintiff's application for rehearing denied.  The following memorandum accompanied the order denying motion for rehearing:

Oliver, Chief Judge:  This protest was the subject of our decision in *Theo. L. Stern & Co., Inc.* v. *United States*, 39 Cust. Ct. 404, Abstract 61155 (decided August 21, 1957).  The case comes before us at this time on plaintiff's motion for rehearing.

The merchandise in question is identified herein as plastic angels, plastic dwarfs, and plastic elfs.  They were classified, by similitude, as articles of cellulose acetate, and are claimed to be properly dutiable as nonenumerated manufactured articles.

The parties stipulated that the articles in question are in chief value of polystyrene and that they are used as ornaments or markers on cakes.  In addition to the agreed facts, there was incorporated herein the record in *B. Shackman & Company et al.* v. *United States*, 38 Cust. Ct. 30, C. D. 1839.

In our decision, Abstract 61155, *supra*, we held the merchandise to be properly classifiable, by similitude, as articles of cellulose acetate, as assessed by the collector.  Plaintiff, in its memorandum in support of the motion for rehearing, states "that the decision is inconsistent with the case of *Shackman* v. *United States*, C. D. 1839," and contends that the cited case supplies ample authority for holding